STATE v. PRICE.

1. CIRCUIT JUDGE—FORMER JUDGMENT.—A judgment of the Court of General Sessions based upon a verdict of a jury cannot be reviewed or reversed by a Circuit Judge in turn presiding at a succeeding term of court.
2. FINDINGS OF FACT by a Circuit Judge in refusing a motion to reopen a judgment of the Court of Sessions cannot be reviewed by this court.
3. CIRCUIT JUDGE—FORMER JUDGMENT.—There is no error in rescinding an order of a previous term which was expressly limited to be of force only until the further order of the court.
4. MOTION FOR NEW TRIAL ON AFTER DISCOVERED EVIDENCE is the proper remedy, if facts subsequently developed show error in a previous conviction and sentence not appealed from.

18—35

Before FRASER, J., Marion, April, 1891.

Indictment against Hugh P. Price. The order appealed from was as follows:

This case, in which the motion now before me has been made, is an indictment for a nuisance by damming up a stream of water forming a pond, and thereby causing sickness. At the term of the court held in April, 1890, there was a verdict of guilty rendered by consent of the defendant. His honor, Judge Witherspoon, then presiding, imposed as the sentence of the court a fine of one dollar, and then proceeded by consent, as appears by the judgment order, to order the abatement of the nuisance. As the removal of the nuisance is usually the *chief end* of the indictment, the court will adapt its *judgment* to the nature of the case—*Arch. Crim. Pl. & Pr.*, 1772 and notes. This order for the removal or abatement of the nuisance is as much a part of the judgment of the court as the payment of the fine.

In this order or judgment it was referred to two physicians to fix the *time* and *manner* in which the nuisance should be abated, with the power to call in a third physician in case they failed to agree. The third was called in. It is very much to be regretted that after accepting the appointment under the order of the court, they should have failed to pass upon the only matter submitted to them, and have submitted a report, "that in their opinion the dam should not be cut;" thus calling in question the propriety of the judgment of the court, and leaving the order for abatement to be enforced as provided in the order without any discretion as to the most suitable time or manner, except that of the defendant, if he sees fit to obey, or the sheriff of the county. Founded, however, on this return of the physicians, there has been presented to this court at the last term a petition numerously signed, praying the court "not to have the dam cut," accompanied with a notice to the solicitor of a motion, supported by affidavits, "for an order modifying the order of Judge Witherspoon." These affidavits go very largely to show that there never has been any sickness caused by the damming up of the water, and also to show that it would be now dangerous to cut the dam and let the water

run off, and that if ever the cause of sickness, the pond has ceased to be so.

I am compelled to consider the motion, as, in the main, an effort to reopen the questions settled by the verdict. In this condition the motion was before his honor, Judge Hudson, at the last term of the court, and by him continued, with an order staying the abatement "until the further order of the court." In the view I take of this case, I have no right in this way to modify, or, as I take it, to reverse the judgment of Judge Witherspoon for the abatement of this nuisance; and I have no right to consider the questions raised by the motion. And if I had, I do not consider the defendant's case so clearly made out as to warrant the court in acting upon it.

The stay ordered by Judge Hudson has left the matter to the further order of the court. And it is ordered, that in so far as Judge Hudson's order stays the order or judgment of Judge Witherspoon, the same be and is hereby rescinded, and the defendant's motion is hereby dismissed.

Defendant appealed on the following grounds:

I. Because his honor erred in saying, "In the view I take of this case, I have no right in this way to modify, or, as I take it, to reverse the judgment of Judge Witherspoon for the abatement of this nuisance; and I have no right to consider the questions raised by this motion." It is submitted that his honor had the right or power to consider and modify the judgment or order of Judge Witherspoon upon facts and conditions subsequently occurring and existing. II. Because his honor erred in saying, "And if I had, I do not consider the defendant's case so clearly made out as to warrant the court in acting upon it." It is submitted that the testimony submitted is clear and indubitable, that if the pond was ever a cause of sickness, it is not so now, and, further, to cut the dam now would create as great or a greater nuisance than the pond ever was. III. Because his honor erred in rescinding that part of his honor, Judge Hudson's, order which stayed the execution of his honor, Judge Witherspoon's, order.

*Messrs. W. W. Sellers, W. J. Montgomery,* and *W. D. & J. W. Johnson,* for appellant.

*Messrs. Johnson,* solicitor, and *C. A. Woods,* contra.

February 13, 1892. The opinion of the court was delivered by

Mr. Chief Justice McIver. This was an indictment charging the defendant with erecting and maintaining a common nuisance by damming a stream of water, forming a pond and causing sickness in the neighborhood of said pond, which came on for trial before his honor, Judge Witherspoon, and a jury at the April term, 1890, of the Court of Sessions for Marion County. While the trial was in progress, and after the witnesses for the prosecution had been examined and the testimony for the defence had been commenced, a compromise was agreed upon, whereby a verdict of guilty was entered, and the court granted an order imposing a fine of one dollar upon the defendant, and appointing a board of physicians to "forthwith ascertain, decide, and report in writing to the clerk of this court the proper date and proper manner to abate the nuisance in question." The order further provided that unless the defendant should within 　　days from the date fixed and named by said physicians, abate the nuisance, that the sheriff of the county be required to proceed to abate said nuisance in such way as to leave said branch entirely unobstructed, and so as to permit a natural flow of water through the same at the cost of said defendant. The order further provided, "that in case, for any cause, the said physicians do fail to reach a decision or to make and file the same, fixing a date within this year, A. D. 1890, for the abatement of said nuisance, that then, unless the said Hugh P. Price do and shall abate said nuisance as above indicated, so as to leave said branch unobstructed by the tenth day of November next (1890), that then said sheriff do, immediately after the said tenth day of November, 1890, proceed to abate the same."

On the 2nd day of May, 1890, the board of physicians filed their report, in which, without fixing any date for the abatement of the nuisance, as directed by the foregoing order, they "express the opinion that the dam should not be cut." Thereupon the defendant, on the 1st of October, 1890, served upon the solicitor a notice that at the then ensuing term of the court he would move for an order "modifying the order of Judge Wither-

spoon upon the ground that the board of physicians, to whom said order was referred, have reported and filed their report, saying that the dam should not be cut; and on the further ground that the practising physicians in the community, and also others, upon affidavits, say that said dam should not be cut." This motion, with the accompanying affidavits, was heard at the ensuing term of the court, by his honor, Judge Hudson, who granted an order, in which, after reciting that it appeared to his satisfaction "that it is doubtful whether or not said pond has been the cause of sickness in said community, and if so that it is no longer such cause, and that it would be dangerous to the health of the community contiguous to said pond, for said dam to be cut at any time," he directed that the motion be docketed for hearing at the next term of the court, and that so much of the order of Judge Witherspoon as directed the sheriff to abate the nuisance immediately after the 10th day of November, 1890, "be stayed till the further order of this court."

At the next term the motion was heard by his honor, Judge Fraser, who, regarding the motion as practically an effort to re-open the questions settled by the verdict, and was, in effect, a motion to modify or reverse the judgment of Judge Witherspoon, held that he had no power to do so and therefore refused the defendant's motion, and rescinded the order of Judge Hudson, staying the order of judgment of Judge Witherspoon, inasmuch as the stay granted by Judge Hudson was, in terms, until the further order of the court. From this ruling and order of Judge Fraser defendant appeals upon the three grounds set out in the record, only two of which raise questions of law, the other raising a mere question of fact, of which this court has no jurisdiction.

The first ground imputes error to Judge Fraser in holding that he had no right to review or reverse the judgment of

1    Judge Witherspoon. That there was no error in this ruling is too plain for argument, especially as the question has been distinctly decided in *Warren, Wallace & Co.* v. *Simon*, 16 S. C., 362.

2    The second ground of appeal raises only a question of fact which this court cannot consider.

The third ground imputes error to Judge Fraser in rescinding the order of Judge Hudson, staying the execution of Judge Witherspoon's judgment; but as that stay was, in express terms, only granted until the further order of the court, it is difficult to conceive how any legal error can be imputed to an order of the court rescinding such stay. It seems to us, therefore, that the ruling and order appealed from must be affirmed.

If the appellant is entitled to any remedy at all, as to which we express no opinion either one way or the other, it is by a motion for a new trial upon the ground of after-discovered evidence, provided he can make such a showing as will satisfy the Circuit Court that he is entitled to such remedy. There does not appear to have been any appeal from the judgment of Judge Witherspoon, and we see no legal obstacle in the way of the defendant moving the Circuit Court for a new trial upon the ground of after-discovered evidence, as in the case of the *State* v. *David*, 14 S. C., 428. There it was held that the defendant, who had been convicted of murder, and had made an unsuccessful motion for a new trial before the Circuit Court upon the ground of insufficiency of evidence, might afterwards move the Circuit Court for a new trial upon the ground of after-discovered evidence. So here, we see no reason why the defendant, although he has made an unsuccessful effort to modify or reverse the judgment against him by a motion to the Circuit Court, may not now apply to that court for a new trial upon the ground of after-discovered evidence. Of course, if such motion shall be made, it will be for the Circuit Court to determine whether the showing is sufficient to warrant that court, in the exercise of its discretion, in granting the motion, and nothing that we have said must be regarded as in any way affecting the question as to the sufficiency of the showing, which is a matter exclusively for the Circuit Court.

The judgment of this court is, that the ruling and order of his honor, Judge Fraser, be affirmed, without prejudice to the right of the defendant, if he shall be so advised, to move the Circuit Court for a new trial, upon the ground of after-discovered evidence.