## 11533

### *IN RE* DORAN
### *EX PARTE* WERNER

(Two Cases)

(123 S. E., 501)

1. PARENT AND CHILD—CHILD'S INTEREST CONTROLLING ON QUESTION OF CUSTODY.—On question of custody, the controlling consideration is the best interest of child.

2. MOTIONS—CIRCUIT JUDGE NOT PRECLUDED FROM DISPOSING OF MOTION MARKED "HEARD" BUT NOT DISPOSED OF BY ANOTHER CIRCUIT JUDGE. —Where a motion was marked "Heard" by one Circuit Judge, but was not actually heard and disposed of, under Code Civ. Proc. 1922, §§ 36, 754, subd. 4, another Circuit Judge was not precluded from hearing and disposing of motion.

3. HABEAS CORPUS—PENDING APPEAL, COURTS WILL NOT DISTURB STATUS QUO OF INFANTS.—Pending a proceeding to obtain a review, Courts will not disturb the *status quo* established by a determination in *habeas corpus* involving custody of infant.

4. HABEAS CORPUS—ALL ISSUES DETERMINED BY CIRCUIT COURT IN HABEAS CORPUS PROCEEDING HELD RES JUDICATA.—All issues of law and fact determined in an order of a Circuit Judge in a *habeas corpus* proceeding *held res judicata* as between same parties on same state of facts, and, to the extent that an award of custody of an infant depends upon the determination of issues of fact as to fitness of parties, and involves matters of fact which could have been inquired into and established by exercise of due diligence at the time of the hearing, parties to that proceeding are concluded by the order.

Note: For authorities passing on the question of *habeas corpus* decree as to custody of infant as *res judicata,* see notes in 67 L. R. A., 783; 49 L. R. A. (N. S.), 83.

On denial of custody of infant to parent for its well-being, see note in 41 L. R. A. (N. S.), 564.

5. COURTS—CIRCUIT JUDGE HAS NO POWER TO REVIEW ACTION OF ANOTHER CIRCUIT JUDGE.—One Circuit Judge has no power to review, reverse, or modify action of another Circuit Judge as to matters which are *res judicata.*

6. COURTS—CIRCUIT JUDGE HELD TO TRANSCEND LIMITS OF HIS AUTHORITY BY ISSUING ORDER CHANGING CUSTODY AS FIXED BY ORDER OF ANOTHER CIRCUIT JUDGE.—A Circuit Judge *held* to transcend limits of his authority by issuing an order giving custody of infant to its mother for half of each year and to its aunt for other half of each year, under a prior order by another Circuit Judge awarding custody to aunt, and giving mother the privilege "to see the child" under certain circumstances.

The proceeding in *Habeas Corpus* came before WILSON, J., Charleston, October, 1922, and the motion before BOWMAN, J., November, 1922. Affirmed in part and reversed in part.

Proceedings in *Habeas Corpus* for the custody of Mary Elizabeth Doran, an infant. From an order awarding custody to infant's aunt, Daisy Doran, infant's mother, Thanya Ann Werner, and its father, Charles F. Doran, appeal. Order affirmed. From an order awarding custody to the mother for half of each year and to the aunt for the other half of each year, father and aunt appeal. Reversed.

The decree of Circuit Judge Wilson follows:

"This matter comes before me upon a petition and affidavits and rule to show cause as to why the said infant, Mary Elizabeth Doran, should not be removed from the custody of its father, Charles F. Doran, and of Miss Daisy Doran, who are at present taking care of the said child.

"After considering all of the papers in the case, and after hearing the returns and arguments of counsel for all parties interested, and after a careful consideration of the additional affidavits furnished by all parties subsequent to the regular hearing on the return day, I find:

"First. That while there has been a showing that Charles F. Doran is not a fit and suitable person to have the custody of his child, I find that this fact has not been sufficiently established for this Court to find that he is forever barred,

but this Court does find that the welfare of the child, from the present showing made to me, would be best protected by the giving of the custody of the child to Miss Daisy Doran, as the child is a female infant and needs the care of a woman.

"Second. That the mother of the said infant, Thanya Ann Werner, has forfeited the custody of the child by reason of her long neglect of it, her gift of it to Miss Daisy Doran, and her conduct. The fact that she obtained a divorce in Georgia and subsequently married makes it extremely unwise to give her the custody of the child; and especially in view of the circumstances surrounding the obtaining of the divorce. Ordinarily the Court would consider the advantage of giving the wife and mother the custody of the child, especially a daughter, with the hope that the family would be reconciled by its influence. This is now impossible, as she has married another man, and I also find from the showing made that she is not the proper person at present to have the custody of the said child.

"Third. That it appears that Miss Daisy Doran is an excellent person for the proper rearing, educating, and general welfare of the child. Miss Daisy Doran has made an overwhelming showing on this point, and she appears to have acted the part of a mother towards the said child for about four years.

"The paramount question is: What is the best thing to be done for the welfare of the child?

"After carefully considering the entire case, this Court is of the opinion that it is most important that the welfare of the infant be protected, and I find that it is for the best interests of the child to give its custody and care to Miss Daisy Doran, and it is therefore:

"Ordered that the rule be, and the same is, hereby dismissed, and the custody of Mary Elizabeth Doran is placed with Miss Daisy Doran until the said infant shall reach its majority, or until the further order of the Court.

"It is further ordered that the petitioner, Thanya Ann Werner, if she should desire to see her child, shall have the right to apply to any Circuit Judge, who, on proper showing, shall give her this right on such terms, as to him seems proper.

"It is further ordered that the said Charles F. Doran shall be responsible for the support and maintenance of the said child, and shall be required to furnish such financial contribution for this purpose as may be necessary.

"It is further ordered that each of the parties hereto pay his and her own costs.

"Let all the papers in this proceeding be filed with the Clerk of this Court."

The decree of Circuit Judge Bowman follows:

"This matter comes before me on the petition of Thanya Ann Werner, dated November 14, 1923.

"Upon the showing made, and after hearing argument *pro* and *con,* I find that it will be to the best interests of the child, circumstances having changed since the date of Judge Wilson's order, and a proper showing to that effect having been made, that Thanya Ann Werner should have the child one-half of each year until the child reaches majority, or until the further order of the Court.

"It is therefore ordered that Thanya Ann Werner shall have possession of the child for six months commencing November 27, 1923, and that Daisy Doran have possession of said child thereafter until November 26, 1924, and so on until the child reaches majority or until the further order of the Court.

"Further ordered that both Thanya Ann Werner and Daisy Doran do not carry said child out of this State, nor permit said child so to be carried away, and that each of them do enter in proper bond in the sum of $300 so conditioned."

In the *Habeas Corpus* action:

*Messrs. Lionel K. Legge* and *Thomas P. Stoney,* for

certain appellants, cite: *Parol gift of child:* 84 S. C., 473. *Custody:* 107 S. E., 914.

*Mr. Paul A. Macmillan,* for another appellant, cites: *Superior right of father to custody of child, even against the mother:* 72 S. C., 16; 84 S. C., 561; 29 Cyc., 1599.

*Mr. J. D. E. Meyer,* for respondent, cites: *Supreme Court cannot consider questions of fact:* 113 S. C., 150. *Or preponderance of evidence:* 103 S. E., 590; 102 S. E., 11. *Custody of the child:* 84 S. C., 473; 116 S. C., 212; 118 S. E., 185. *Compliance with order appealed from:* 56 S. C., 48; 57 S. C., 217. *Motion to perfect appeal:* Code Civ. Proc. Sec. 388. *Interests of child:* 54 S. C., 388; 6 Rich., 344; 19 S. C., 605; 113 S. C., 39; 105 S. E., 738.

On the appeal from order of Judge Bowman:

*Mr. J. D. E. Meyer,* for appellant, cites: *Notice of appeal stays proceeding in the Circuit Court:* Code, 1922, Vol. 1, Sec. 657. *Application for order:* Rule 61 of C. C. *Error to review facts and reverse order of Circuit Judge:* 2 Rich. L., 17; 53 S. C., 387; 16 S. C., 362; 148 S. C., 324; 35 S. C., 273. *Habeas corpus:* 84 S. C., 473. *Res adjudicata:* 118 S. E., 185; 12 C. J., 112, Sec. 107; 29 C. J., 113.

*Mr. Lionel K. Legge* and *Thomas P. Stoney,* for respondent, cite: *Change of circumstances to give jurisdiction:* 84 S. C., 567; 125 S. C., 121. *Custody of the child:* 114 S. C., 295.

June 23, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Proceedings in *habeas corpus* for the custody of a female infant. There are two appeals which will be considered together. One appeal is from an order of Hon. John S. Wilson, Circuit Judge, dated October 27, 1922,

awarding the custody of the infant to her paternal aunt, Daisy Doran; the other, from an order of Hon. I. W. Bowman, Circuit Judge, dated November 27, 1923, awarding the custody of the infant in question to her mother, Thanya Ann Werner, for one-half of each year, and to the aunt, Daisy Doran, for the other half of each year, until the child should reach majority or until the futher order of the Court. From the order of Judge Wilson the appellants are Thanya A. Werner, the mother, and Charles F. Doran, the father of the infant. From the order of Judge Bowman the appellants are Charles F. Doran, the father, and Daisy Doran, the aunt of the infant. Let these two orders be set out in the report of the case.

1. As to the appeal from the order of Judge Wilson: Upon the findings of fact (a) that the mother, Thanya A. Werner, was not the proper person to have the custody of the child; (b) that the father, Charles F. Doran, was an unfit person to have the custody of the infant; and (c) that the aunt, Daisy Doran, was entirely fit and suitable person to have the infant in her charge and custody, we perceive no valid ground to impeach Judge Wilson's order for error of law. There was evidence to sustain his findings of fact, and, in the light of the fundamental principle that the controlling consideration is the best interests of the child, his conclusion was manifestly sound as a matter of law. The exceptions of both parties to the order of Judge Wilson are overruled.

2. As to the order of Judge Bowman: The order of Judge Wilson contained the following provision: "It is further ordered that the petitioner, Thanya Ann Werner, if she should desire to see her child, shall have the right to apply to any Circuit Judge, who, on proper showing, shall give her this right on such terms, as to him seems proper."

Apparently, in pursuance of the privilege granted by the foregoing provision in May, 1923, pending the appeal to

this Court from Judge Wilson's order, Thanya A. Werner, one of the parties to that appeal, made a motion in the Circuit Court in the original cause. That motion was marked "Heard" by the presiding Judge, Hon. H. F. Rice, but was never actually heard and disposed of. Counsel for movant gave notice of abondonment of that motion, and thereafter made the application to Judge Bowman, which resulted in the order from which this appeal is taken. It is contended that neither Judge Rice nor Judge Bowman had jurisdiction to entertain the motion while the appeal to this Court from Judge Wilson's order was pending, and that Judge Bowman was without jurisdiction, for the additional reason that the movant had no right to abandon the motion pending before Judge Rice without the consent of the opposing parties, or without an order of Judge Rice dismissing the motion or otherwise disposing of the matter.

As to the effect of the alleged pendency of the motion before Judge Rice, in the state of facts disclosed by the record, Judge Bowman was not precluded from hearing and disposing of the motion made before him as presiding Judge of the Charleston Circuit. Section 754, subd. 4, Code Civ. Proc., 1922. Even in the view that the motion was essentially the same motion, predicated on the same state of facts, which had been made before Judge Rice, it appears that the hearing before Judge Rice was begun but not completed; that the matter was marked "Heard" by consent; that "arguments were to be completed at Aiken, S. C.," outside the Circuit, "upon a date to be later set and agreed upon"; that no such date had ever been agreed upon; and that thereafter attorneys for the movant gave notice of abandonment. The motion before Judge Rice eventuated in no adjudication, and, after he had left the Circuit, could not in the circumstances indicated result in an adjudication referable to his jurisdiction as presiding Judge of the Charleston Circuit without the completion of the hearing and the final submission of the matter in accordance with the consent and

agreement of all parties. See *Whilden v. Chapman,* 80 S. C., 84; 61 S. E., 249; Section 36, Code Civ. Proc., 1922.

But the other grounds upon which the validity of Judge Bowman's order is impeached, we think, are tenable. At the time of the granting of the order by Judge Bowman the appeal to this Court from the order of Judge Wilson had been perfected and was then pending Both Thanya A. Werner, the mother, and Charles F. Doran, the father, were appellants. The order of Judge Wilson definitely and clearly settled the question of the custody of the infant against those parties by awarding such custody to Daisy Doran "until said infant shall reach its majority or until the further order of the Court." In that situation the rule applicable is thus stated in 29 C. J., 190, § 218.

"Pending a proceeding to obtain a review, the Courts will not disturb the status *quo* established by the determination in the *habeas corpus* proceeding."

While the decisions there cited to sustain that principle are not cases involving the custody of infants, the reason of the rule is equally applicable to cases of this character. As to all issues of law and fact thereby judicially determined the order of Judge Wilson was *res judicata* as between the same parties upon the same state of facts. *Busbee v. Reese,* 125 S. C., 121; 118 S. E., 185. *Brown v. Robertson,* 76 S. C., 151, 155; 56 S. .E., 786; 9 L. R. A. (N. S.), 1173; 29 C. J., 112, § 107. To the extent the award of the custody of the infant depended upon the determination of issues of fact as to the fitness of the parties and involved matters of fact which could have been inquired into and established by the exercise of due diligence at the time of the hearing before Judge Wilson, the parties to that proceeding were concluded by his order. *Busbee v. Reese, supra.* Otherwise the question of the custody of an infant could never be settled. If so, the right of appeal is a substantial right (*Ex parte Smith,* 8 S. C., 495, 512, 513), since, obviously, one Circuit Judge has no power to review,

reverse, or modify the action of another Circuit Judge as to matters which are *res judicata. Crawell v. Littlefield*, 2 Rich., 17. *Devereux v. McCrady*, 53 S. C., 387; 31 S. E., 294. *Warren-Wallace & Co. v. Simon*, 16 S. C., 362. *State v. Price*, 35 S. C., 273; 14 S. E., 490.

That the order of Judge Bowman substantially changes the status established by Judge Wilson's order is not open to question. Conceding that the jurisdiction of the Courts to change the status established in a *habeas corpus* proceeding is continuing, and that upon another application to a Circuit Judge in another proceeding upon a different state of facts it would have been competent for the Judge to substantially change the status established by Judge Wilson's order, we are clearly of the opinion that the order of Judge Bowman issued upon an application in the original proceeding, went too far. The order in effect abrogated the order of Judge Wilson by substantially changing the status established by him in the vital matter of the child's custody. From the viewpoint of the infant's best interests it would be difficult to conceive of a more dangerous arrangement than that of having the custody, training, and rearing of a child of tender years divided, in half-year periods, between two estranged and antagonistic women. The privilege accorded the applicant Mrs. Werner, by Judge Wilson's order was "to see her child" on terms not to have "the possession of the child." Judge Bowman's order plainly transcended the limits of the authority in that particular reserved to a succeeding Circuit Judge by Judge Wilson's order. And, even if it had been competent upon such application in the original proceeding to extend the scope of the inquiry to the propriety of a change of custody of the infant, it is not clear that the conclusion reached by Judge Bowman did not involve a reversal of findings of fact as to matters which were *res judicata* under Judge Wilson's order. In any view, pending the appeal to this Court from

Judge Wilson's order, the order of Judge Bowman transcended the legitimate limits of his authority.

We have refrained from a detailed discussion of the evidentiary facts—a discussion which could here subserve no useful purpose. Those facts—sordid in one aspect, tragic in another—develop the typical story of an unfortunate marriage; domestic unhappiness; the birth of a child; separation; the infant committed to the care of a female relative of the husband; severance, or attempted severance, of the marriage bond by divorce in another state; remarriage of the wife and mother to another man; the child, the innocent victim, now sought to be made the shuttlecock of the Courts. For the plight in which the parties to that marriage now find themselves the evidence leaves the impression that both parties were probably equally to blame. It is proper to add, however, that we do not construe the order of Judge Wilson to embrace any finding of fact that Mrs. Werner was ever a woman of unchaste character. The finding of fact that she was not the proper person to be charged with the custody and rearing of the child is clearly referable to other grounds having to do with temperamental deficiencies and lack of proved capacity in poise and strength of character on her part to undertake the rearing of this child under the peculiar and exceedingly difficult and trying conditions which would inevitably confront her in the discharge of that most serious and responsible task. The natural mother love that now actuates Mrs. Werner in seeking to regain the custody of her child evokes profound sympathy; but the case here made cannot be determined by a consideration of that nature. We have held that the conclusions reached by Judge Wilson involve no error of law which we have the power as a Court of Appeals to correct; we deem it proper to add in the interest of a stable settlement of this controversy that we think the judgment of Judge Wilson was an eminently wise and sound adjudication, which should not be disturbed, except upon such clear showing of a material

change in circumstances as would imperatively require a change of the status established by him in order to safeguard and promote the welfare of the child.

It is accordingly adjudged that the order of Judge Wlison be and is hereby affirmed.

It is further adjudged that the order of Judge Bowman be and is hereby reversed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.
MR. CHIEF JUSTICE GARY did not participate.