1230

DEPARTMENT OF SOCIAL SERVICES, Respondent v. Ronnie PRITCHETT and Priscilla C. Pritchett, Appellants.
In the interest of Kimberly Dawn CANTRELL, DOB: 1/24/85.

Reba A. KAPP and Richard H. Kapp, Respondents v. Ronnie PRITCHETT and Priscilla C. Pritchett, Appellants.
In the Interest of Kimberly Dawn CANTRELL, DOB: 1/24/85.

(374 S. E. (2d) 500)

Court of Appeals

*Ben G. Leaphart,* of *Love, Thornton, Arnold & Thomason,* and *Samuel W. Outten,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellants.*

*Stephen J. Henry* and *Jesse A. McCall,* Greenville, *for respondents.*

*Gregory A. Newell,* Greenville, *for GAL.*

Heard Sept. 21, 1988.

Decided Oct. 31, 1988.

SHAW, Judge:

Ronnie and Priscilla Pritchett appeal from a family court order terminating their parental rights and granting Reba and Richard Kapp's petition to adopt the Pritchetts' child, Kimberly. We affirm.

Kimberly Dawn Cantrell was born prematurely on January 24, 1985. She was at risk for Sudden Infant Death Syndrome and was on a respiratory cardio monitor. On April 15, 1985, Kimberly's parents, Priscilla and Ronnie Pritchett, were married and Kimberly was left with the maternal grandmother. On April 17, 1985, an altercation arose between the couple and Priscilla's relatives and it was alleged Kimberly and her monitor were thrown into an automobile. At this time, Kimberly was taken into emergency protective custody and placed in a foster home. After a day or two in one foster home, she was placed in the Kapp

foster home. Kimberly stayed with the Kapps from April until October of 1985, at which time she was returned to Ronnie and Priscilla.

In November of 1985, Ronnie and Priscilla separated. In early December of that year, they reunited and DSS recommended the couple participate in family and marriage counseling. Attendance in the sessions was sporadic. In April of 1986, a violent argument erupted between Ronnie and Priscilla during which Ronnie blackened Priscilla's eyes. Ronnie and Priscilla then separated and Priscilla filed for a divorce. At a hearing on that matter, Ronnie and Priscilla accused each other of threatening Kimberly. Kimberly was taken into protective custody on April 21, 1986, and was again placed in the Kapp home. By April 30, 1986, the couple had reconciled and DSS made tentative treatment recommendations adopted by the court. However, the couple separated again and did not reunite until August, 1986. The recommended drug and alcohol abuse counseling and marriage counseling was not followed by the couple until August of 1986.

On June 5, 1986, the Kapps filed a petition for termination of parental rights and adoption of Kimberly. The case proceeded to trial on October 21, 1986, and resumed on November 18, 1986, and January 7, 1987. On February 5, 1987, the trial judge issued his order terminating the parental rights of Ronnie and Priscilla and granted the Kapps' petition for adoption.

The trial judge found clear and convincing evidence justified termination of parental rights on several statutory grounds. Because we find termination was proper under § 20-7-1572(2) of the South Carolina Code of Laws, 1976, we need not address the other grounds.

§ 20-7-1572(2) provides for termination of parental rights upon the following findings:

> The child has been removed from the parent pursuant to § 20-7-736, has been out of the home for a period of six months, and despite a reasonable and meaningful effort by the agency to offer appropriate rehabilitative services, the parent has not remedied the conditions which caused the removal.

The trial judge found it uncontroverted that the child was removed pursuant to § 20-7-736 and was out of the home for a six month period. He also found DSS had made reasonable efforts to offer rehabilitative services to Ronnie and Priscilla. Ronnie and Priscilla do not except to these findings. Rather, they argue they made every reasonable effort to rehabilitate themselves.

It is significant to note the statute allows for termination of parental rights where the parent has *not remedied* the conditions causing removal. This does not suggest that an *attempt* to remedy alone is adequate to preserve paternal rights. Otherwise, the statute would be couched in such terms. The attempt must have, in fact, remedied the conditions.

Ronnie and Priscilla have a history of a violent and unstable marriage. The record indicates they have separated and reunited at least three times over a sixteen month period. There was substantial testimony from relatives that Ronnie and Priscilla fought frequently and mistreated Kimberly at these times, throwing the child on the floor and stating they did not want her. While counseling was recommended to the couple in December of 1985, Ronnie and Priscilla attended sessions sporadically. After separation, they ceased attendance altogether. In April of 1986, a treatment program was suggested, but the couple did not attend until that August or September. At the time of the hearing, the couple had attended only three family counseling sessions. At best, the record indicates some minor progress from efforts beginning at the eleventh hour.

We therefore hold the trial judge was correct in terminating parental rights under § 20-7-1572(2) South Carolina Code of Laws, 1976.

Ronnie and Priscilla further contest the Kapps' standing to bring an action to terminate parental rights. The Children's Code clearly indicates that foster parents are among those with standing to initiate such a proceeding. § 20-7-1564 South Carolina Code of Laws, 1976, provides:

> A petition seeking termination of parental rights may be filed by the child protective services agency or *any interested party.* (Emphasis added.)

Under § 20-7-766 South Carolina Code of Laws, 1976, where a child has been removed from his home pursuant to § 20-7-736, the court may schedule a review hearing upon the motion of any interested party. Such interested party includes the foster parent.

Finally, § 20-7-2376(E) South Carolina Code of Laws (Supp. 1987), notes as one of the functions of the local foster care review board:

> To advise foster parents of their right to petition the family court for termination of parental rights and for adoptions ...

We therefore conclude a foster parent has standing as an interested party under § 20-7-1564 to petition for termination of parental rights.

We hold all other issues raised by appellants to be manifestly without merit and therefore affirm under § 14-8-250 South Carolina Code of Laws (Supp. 1987).

Affirmed.

BELL and CURETON, JJ., concur.