THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 
 Anna W., David
 W., Randy H., and John Doe, Defendants,
 
 Of whom Anna W.
 is the Appellant.
 
 In the Interests
 of:
 Child #1, Child
 #2, Child #3, and Child #4, all minor children under the age of 18 years.

 
 

Appeal From Kershaw County
Dorothy Mobley Jones, Family Court Judge

Unpublished Opinion No. 2010-UP-202
 Submitted March 1, 2010  Filed March 12,
2010    

AFFIRMED

 
 
 
 Grady G. Hart, Jr., of Columbia, for Appellant.
 Anne Marie Ugarte and Carrie H. Tanner, both of Camden; Jack Walden,
 of Lugoff, for Respondent.
 Roddy M. Jordan, of Elgin, for Guardian Ad Litem.
 
 
 

PER CURIAM:  Anna
 W. (Mother) appeals the family court's
 decision to terminate her parental rights (TPR) to her four minor children
 (collectively Children).  See S.C. Code Ann. § 63-7-2570 (2008).  We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to
 whether the family court erred in terminating Mother's parental rights based on
 the statutory ground that Children were in foster care for fifteen of the past
 twenty-two months: S.C. Code Ann. § 63-7-2570(8) (2008) (allowing the family
 court to terminate parental rights when TPR is in the child's best interests
 and "[t]he child has been in foster care under the responsibility of the
 State for fifteen of the most recent twenty-two months").    
2.  As to
 whether family court erred in finding Mother failed to remedy the conditions
 leading to Children's removal: S.C. Code Ann. § 63-7-2570(2) (2008) (stating
 the family court may terminate parental rights when TPR is in the child's best
 interests and the child has been removed from the parent and has been out of
 the home for a period of six months following the adoption of a placement plan
 by court order or by agreement between the department and the parent, and the
 parent has not remedied the conditions that caused the removal); Dep't of
 Soc. Servs. v. Pritchett, 296 S.C. 517, 520, 374 S.E.2d 500, 501 (Ct. App.
 1988) ("[A]n attempt to remedy alone is inadequate to preserve
 parental rights.  Otherwise, the statute would be couched in such terms.  The
 attempt must have, in fact, remedied the conditions.").  
3.  As to
 whether the family court erred in finding Mother failed to materially and
 financially support Children: Stinecipher v. Ballington, 366 S.C. 92,
 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005) (finding once one statutory
 ground is met, an appellate court need not address whether any other ground for
 TPR has been proved).  
4.  As to whether the family court erred in
 determining TPR was in Children's best interests: S.C. Dep't of Soc. Servs.
 v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (noting
 the best interests of the child are the paramount consideration in a TPR case).
AFFIRMED.[1]
 HUFF,
 THOMAS, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.