THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Charleston
 County Department of Social Services, Respondent,
 
 
 
 
 

   v.

 
 
 
 
 Wendy J. and
 John Doe, Defendants,
 
 Of Whom Wendy
 J. is the Appellant.
 
 In the interest of one minor child under the age of 18.
 
 
 

Appeal From Charleston County
Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2010-UP-366
 Submitted December 1, 2009  Filed July
14, 2010    

AFFIRMED

 
 
 
 Brian C. Duffy, J. Rutledge Young, III,
 and Lee Anne Walters, all of Charleston, for Appellant.
 Bonnie T. Brisbane, of North Charleston,
 for Respondent.
 John F. Martin, of Charleston, Guardian Ad
 Litem. 
 
 
 

PER CURIAM:  Wendy J. (Mother) appeals the family court's final order terminating her
 parental rights to her minor child (Child).  Mother contends the
 family court erred in finding (1) Child was harmed by Mother and because of the
 severity of abuse, it was not reasonably likely the home could be made safe;
 (2) Mother failed to remedy the conditions that caused the removal of Child;
 (3) Mother failed to visit Child; (4) Mother failed to support Child; (5)
 Mother abandoned Child; and (6) termination of parental rights (TPR) was in
 Child's best interests.  We affirm.[1]
The grounds for TPR must be
 proven by clear and convincing evidence.  S.C. Dep't of Soc. Servs. v. Parker,
 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon review, the
 appellate court may make its own finding from the record as to whether clear
 and convincing evidence supports the termination [of parental rights]."  S.C.
 Dep't of Soc. Servs. v. Headden, 354 S.C. 602, 609, 582 S.E.2d 419, 423
 (2003).  However, despite our broad scope of review, we are not required to
 disregard the findings of "the family court, who saw and heard the
 witnesses, [and] was in a better position to evaluate their credibility and
 assign comparative weight to their testimony."  Id.  The family court may order TPR upon finding one or
 more of eleven statutory grounds is satisfied and also finding TPR is in the
 best interests of the child.  S.C. Code Ann. § 63-7-2570 (2010).  
We find clear and
 convincing evidence supports the family court's findings that Mother failed to remedy
 the conditions that led to the removal of child.[2] 
  See § 63-7-2570(2).  After DSS removed Child because Child tested
 positive for cocaine at birth, Mother failed to enroll in a substance abuse program,
 take parenting classes, or attempt to complete any other part of her
 court-ordered treatment plan.  Instead, in the six-month period after Child's
 removal, Mother, by her own admission, continued to take drugs and engage in
 criminal behavior before she was convicted and imprisoned for third-degree burglary. 
 Although it is commendable that Mother was making efforts to address her
 problems while imprisoned by applying for enrollment in substance abuse and
 parenting classes, she did not remedy the conditions that led to removal of
 Child.  See Dep't of Soc. Servs. v. Pritchett, 296 S.C.
 517, 520, 374 S.E.2d 500, 501 (Ct. App. 1988) ("[A]n attempt to
 remedy alone is [inadequate] to preserve parental rights.  Otherwise, the
 statute would be couched in such terms. The attempt must have, in fact,
 remedied the conditions."). Accordingly, the family court correctly found
 sufficient statutory grounds for TPR.           
In a TPR case, the best
 interests of the child are the paramount consideration.  S.C. Dep't of Soc.
 Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). 
 "The interests of the child shall prevail if the
 child's interest and the parental rights conflict."  S.C. Code Ann.
 § 63-7-2620 (2010).  
We find clear and convincing
 evidence in the record supports the family court's finding termination of
 Mother's parental rights was in Child's best interests. Mother has a history of
 abusing drugs and criminal behavior stemming from her drug addiction. 
 Additionally, Mother has no relationship with Child and does not have a
 familial network to support her if Child is returned to her care.  In contrast,
 Child's current foster care family is providing a stable and loving environment
 for Child, and both Child's foster care worker and the guardian ad litem stated
 Child was well-adjusted and was bonded with the foster care family. 
 Additionally, Child's foster care family expressed interest in adopting Child,
 and terminating Mother's parental rights would allow the adoption process to
 proceed.  See Doe v. Roe, 386 S.C. 624, 634, 690 S.E.2d 573, 579
 (2010) ("Overturning the family court's decision to terminate [parent's] rights
 clearly conflicts with the TPR statute's purpose to make a child eligible for
 adoption by someone 'who will provide a suitable home environment and the love
 and care necessary for a happy, healthful, and productive life.'" (quoting
 S.C. Code Ann. § 63-7-2510 (2010))).  Accordingly, the family court correctly
 determined TPR was in Child's best interests.        
AFFIRMED.
WILLIAMS,
 KONDUROS, JJ., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2]  Because we find Mother failed to remedy the
 conditions that led to the removal of Child, we need not address the remaining
 statutory grounds for TPR.  See Stinecipher v. Ballington, 366
 S.C. 92, 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005) (stating once one
 statutory ground is met, this court need not address whether any other ground
 for TPR has been proved).