THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Shawna Rene' O.
 also known as Shawna Rene O., and David S., Appellants.
 In the interests of two minor children under the age of 18.
 
 
 

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No.  2011-UP-389  
 Submitted July 1, 2011  Filed August 16,
2011

AFFIRMED

 
 
 
 Courtney Caroline Rugg Garrison, of Aiken,
 for Appellant Shawna Rene O.
 Scott J. Klosinski, of Augusta, GA, for
 Appellant David S..
 Amanda F. Whittle, of Aiken, for
 Respondent.  
 Patrick McWilliams, of Aiken, for Guardian ad
 Litem.  
 
 
 

PER CURIAM:  Shawna
 Rene O. (Mother) and David S. (Father) both appeal the termination of parental
 rights (TPR) to their two minor children by the family court.  We affirm.
The grounds for TPR must be
 proven by clear and convincing evidence.  S.C. Dep't of Soc. Servs. v.
 Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  On appeal from the family court, this court reviews
 factual and legal issues de novo.  Simmons v. Simmons, 392 S.C. 412,
 414, 709 S.E.2d 666, 667 (2011); see Lewis v. Lewis, 392 S.C. 381,
 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family
 court's findings de novo, we are not required to ignore the fact that the trial
 court, who saw and heard the witnesses, was in a better position to evaluate
 their credibility and assign comparative weight to their testimony.  Lewis,
 392 S.C. at 385, 709 S.E.2d at 652.  The burden is upon the appellant to
 convince this court that the family court erred in its findings.  Id.          
"In appeals from the
 family court, the appellate court has the authority to find the facts in
 accordance with its view of the preponderance of the evidence."  Ex
 parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This
 broad scope of review does not, however, require the appellate court to
 disregard the findings of the family court."  Id. 
 "This degree of deference is especially true in cases involving the
 welfare and best interests of a minor child."  Id. at 62, 624
 S.E.2d at 652.
FATHER'S APPEAL
Father argues the family
 court violated his due process rights by: (1) denying his motion to continue so
 that he could testify after his criminal proceedings were complete; (2) denying
 his motion to continue so he could obtain a psychosexual evaluation; and (3)
 finding he failed to remedy the conditions that caused removal of his children
 although he could not afford to pay for a psychosexual evaluation.  Additionally,
 Father argues the family court erred by finding he willfully failed to support
 his children.
I.  First Motion to
 Continue
Father argues the family
 court violated his due process rights when it denied his motion to continue so
 he could testify without invoking his right to remain silent.  We disagree.
"If good and sufficient
 cause for continuance is shown, the continuance may be granted by the
 court."  Rule 40(i)(1), SCRCP.  "The grant or denial of a continuance
 is within the sound discretion of the family court and its ruling will not be
 reversed on appeal absent an abuse of discretion."  Dep't of Soc.
 Servs. v. Laura D., 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009).
We find the family court had
 a substantial basis to deny the motion.  First, Father was present at the hearing
 and was represented by counsel.  His decision not to testify was therefore
 tactical and did not implicate either the state or federal constitutions.  See S.C. Dep't of Soc. Servs. v. Walter, 369 S.C. 384, 387-88, 631 S.E.2d
 913, 914 (Ct. App. 2006) (upholding the family court's denial of a motion to
 continue where a father chose not to testify during a removal hearing due to
 pending sexual abuse charges).  Second, the
 Department of Social Services (DSS) intended to question Father about his
 failure to submit to a psychosexual evaluation and not the issues surrounding
 his pending criminal charges.  Thus, Father would not have had to invoke his
 right to remain silent.  Third, the family court, over the objection of DSS,
 allowed counsel for Father to proffer Father's testimony.  Thus, Father's
 version of events was before the court.  Lastly, at the time of the hearing,
 the minor children had been in foster care for approximately twenty-seven
 months, and were entitled to a final decision in order to allow adoption
 proceedings to commence.  Accordingly, we do not believe the family court
 abused its discretion in denying the motion.  See Laura D., 386
 S.C. at 385, 688 S.E.2d at 132.   
II.  Second Motion to
 Continue
Father argues the family
 court violated his due process rights when it denied his motion to continue in
 order to obtain a psychosexual evaluation.  We disagree.
DSS clearly demonstrated
 Father was aware for approximately twenty-three months he was required to
 submit to an evaluation.  Nothing in the record indicates Father was more
 likely to submit to the evaluation had the family court granted the
 continuance.  Accordingly, we find the family court did not abuse its
 discretion in denying the motion.  See Laura D., 386 S.C. at 385, 688 S.E.2d at 132.
III.  Failure to Remedy
 Conditions
Father argues the family
 court violated his due process rights and erred when it found he failed to
 remedy the conditions which led to the removal of his children.  Specifically,
 Father maintains he could not afford the psychosexual evaluation; therefore, he
 was deprived of his liberty interest in the care and custody of his children
 based on his status as an indigent.  We disagree.
"Parental rights warrant
 vigilant protection under the law and due process mandates a fundamentally fair
 procedure when the state seeks to terminate the parent-child
 relationship."  S.C. Dep't of Soc. Servs. v. Cochran, 364 S.C. 621,
 626, 614 S.E.2d 642, 645 (2005).
Father correctly argues he
 has a fundamental interest at stake.  Id.  However, this interest is not
 absolute.  See id. at 626-27, 614 S.E.2d at 645 (holding the best
 interest of the child outweighs the parent's fundamental interest in the care,
 custody, and management of their children); see also Hooper v.
 Rockwell, 334 S.C. 281, 294, 513 S.E.2d 358, 365 (1999) ("Courts
 uniformly have concluded that, while parents have a constitutionally protected
 liberty interest in the care and custody of their children, that right is not
 absolute.").  
Father analogizes the denial
 of an indigent to access of a state-funded psychiatrist during a death penalty
 trial to DSS's denial of funds for his psychosexual evaluation.  See Ake
 v. Oklahoma, 470 U.S. 68, 76-80 (1985) (holding it is a violation of due
 process to deprive an indigent defendant access to a state-funded psychiatrist
 where the defendant's sanity at the time of the offense is a significant factor
 in the trial).  We believe this case is distinguishable because the minor
 children's interest in protection from harm overrides Father's liberty
 interest.  See Hooper, 334 S.C. at 294, 513 S.E.2d at 365
 (holding child protection and removal cases are fundamentally different than a
 typical criminal case).
Moreover, Father has not
 cited any case requiring DSS to provide all necessary means to achieve the
 goals of the treatment plan and the South Carolina Children's Code does not
 indicate a legislative intent to place this burden on DSS.  See S.C.
 Code Ann. §§ 63-7-1670, -1680 (2010 & Supp. 2010).
Finally, Father had two years
 to submit to an evaluation.  During that time he voluntarily quit his job and,
 when it behooved him, he was able to raise $3,000 in bail money in two weeks. 
 However, he was not able to raise half that amount in two years despite
 repeated warnings from DSS that failure to do so would result in TPR.  DSS was
 not required to ensure a successful outcome.  See McCutcheon v. Charleston
 Co. Dep't of Soc. Servs., 302 S.C. 338, 343, 396 S.E.2d 115, 118 (Ct. App.
 1990).  Accordingly, we find Father's due process rights were not violated.
IV.  Failure to Support        
Father argues the family
 court erred by finding he willfully failed to support his minor children.  We
 decline to address this issue because it is not necessary for the disposition
 of this case.  See Stinecipher v. Ballington, 366 S.C. 92, 100
 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005) (stating once one statutory ground
 is met, this court need not address whether any other ground for TPR has been
 proven).[1]
MOTHER'S APPEAL
With regard to Mother's
 issues on appeal, we affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:
1. As to whether the family court erred in finding Mother failed to remedy
 the conditions leading to her children's removal:  S.C. Code Ann. § 63-7-2570
 (2010) (providing the family court may terminate parental rights when TPR is in
 the child's best interests and the child has been removed from the parent and
 has been out of the home for a period of six months following the adoption of a
 placement plan by court order or by agreement between the department and the
 parent, and the parent has not remedied the conditions which caused the removal); Dep't of Soc. Servs. v. Pritchett, 296 S.C. 517, 520, 374 S.E.2d 500,
 501 (Ct. App. 1988) (emphasis in original) ("[A]n attempt to remedy
 alone is [not] adequate to preserve parental rights. Otherwise, the statute
 would be couched in such terms. The attempt must have, in fact, remedied the conditions.").
   
2. As
 to whether the family
 court erred in determining TPR was in the children's best interests:  Doe v. Roe, 386 S.C. 624, 634, 690 S.E.2d 573, 579 (2010)
 ("Overturning the family court's decision to terminate [parent's] rights
 clearly conflicts with the TPR statute's purpose to make a child eligible for
 adoption by someone 'who will provide a suitable home environment and the love
 and care necessary for a happy, healthful, and productive life.'" (quoting
 S.C. Code Ann. § 63-7-2510 (2010))); S.C. Dep't of Soc. Servs. v. Smith,
 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (holding the best
 interests of the child are the paramount consideration in a TPR case).  
AFFIRMED.[2]
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] On appeal, Father does not argue the family court
 erred by finding TPR was in the best interests of the minor children. 
 Accordingly, this finding is the law of the case.  See Sloan v. Dep't
 of Transp., 365 S.C. 299, 307, 618 S.E.2d 876, 880 (2005) ("The
 failure to appeal an alternative ground of the judgment below will result in
 affirmance.").
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.