**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tanya C., Appellant,

In the interest of a minor under the age of eighteen.

Appellate Case No. 2011-201686

Appeal From Anderson County
Edgar H. Long, Jr., Family Court Judge

Unpublished Opinion No. 2013-UP-114
Submitted March 4, 2013 – Filed March 13, 2013

**AFFIRMED**

Thomas W. Dunaway, III, of Dunaway & Associates, of
Anderson, for Appellant.

Amy C. Sutherland, of Greenville, and Dottie C. Ingram,
of Anderson, both of South Carolina Department of
Social Services, for Respondent.

Brittany Dreher Tye, of Senerius & Tye, and Susan Inskeep Johnson, of Susan Inskeep Johnson, LLC, both of Anderson, for Guardian ad Litem.

---

**PER CURIAM:** Tanya C. (Mother) appeals the family court order terminating her parental rights to her minor child (Child). Mother argues the family court erred in finding the statutory grounds for termination of parental rights (TPR) existed and TPR is in Child's best interest.

The family court may order TPR upon finding one or more of eleven statutory grounds is satisfied and also finding that TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2012). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011). "[T]he best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence shows Mother failed to remedy the conditions which caused the removal of Child. *See* S.C. Code Ann. § 63-7-2570(2) (2010). An attempt to remedy alone is inadequate to preserve parental rights. *S.C. Dep't of Soc. Servs. v. Pritchett*, 296 S.C. 517, 520, 374 S.E.2d 500, 501 (Ct. App. 1988). In *Hooper v. Rockwell*, the supreme court found the family court properly terminated a mother's parental rights because the Department of Social Services (DSS) presented the mother with multiple opportunities to obtain mental health counseling and comply with treatment plans but Mother refused to address her personality disorder. 334 S.C. 281, 299-300, 513 S.E.2d 358, 368 (1999). Here, the condition that threatened Child with harm was Mother's refusal to address her bipolar disorder to become an emotionally stable parent for Child. Mother's treatment plan provided that she must complete a psychological evaluation and follow all recommendations, including seeing a

medical provider and taking mental health medications as prescribed. Dr. Raul Paez, a psychiatrist who treated Mother for bipolar disorder, testified she refused to take medication as he prescribed, and she was difficult to treat because she did not believe she had a mental illness. Testimony from the hearing confirms Mother suffers from delusional thoughts and becomes aggressive and angry. Moreover, Mother's bipolar disorder has impaired her ability to meaningfully fulfill the other requirements of her treatment plan. Accordingly, we believe Mother has failed to remedy the conditions which caused the removal of Child. S.C. Code Ann. § 63-7-2570(2).

We find clear and convincing evidence shows Mother neglected Child, and "it is not reasonably likely that the home can be made safe within twelve months." S.C. Code Ann. § 63-7-2570(1) (2010). The family court may consider the parent's previous neglect of the child when determining the likelihood the parent can make the home safe within twelve months. *Id.* Section 63-7-20(4)(a) of the South Carolina Code (2010) defines "child abuse or neglect" as inflicting upon the child "physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ." We believe it is not reasonably likely Mother's home can be made safe within twelve months because she previously neglected Child and three other children. In 1999, Mother lost custody of two children because she could not control her anger around their father, filed a false police report against the children's father, and made the children upset when they were in her custody. In 2004, Mother lost custody of a third child after DSS indicated a case against Mother for substantial risk of neglect due to drug use. Additionally, Mother has presented a history of neglect with Child. In 2007, Mother lost custody of Child after police responded to a domestic violence dispute between Mother and her boyfriend. Child remained in foster care and her maternal grandmother's care for twenty-five months. During the four month period Mother regained custody of Child, DSS received two reports of Mother acting unlawfully while Child was in her care. DSS then restricted Mother to supervised visits with Child, but shortly thereafter, police arrested Mother for repeatedly backing her car into another vehicle while Child was standing in Mother's car. Thus, based on the repetition of Mother's neglect of Child and three other children, we believe it is not reasonably likely that her home will be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (providing the court may consider the parent's previous neglect of the children when determining the likelihood the parent can make the home safe within twelve months).

We further find clear and convincing evidence shows Mother has a diagnosable condition, which is unlikely to change in a reasonable time, and this condition makes Mother unlikely to provide minimally acceptable care for the child. S.C. Code Ann. § 63-7-2570(6) (Supp. 2012). "When the diagnosable condition alleged is mental deficiency, there must be clear and convincing evidence that: (1) the parent has a diagnosed mental deficiency, and (2) this deficiency makes it unlikely that the parent will be able to provide minimally acceptable care of the child." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 456, 639 S.E.2d 165, 168-69 (Ct. App. 2006). This court has found that the testimony of a clinical psychologist can provide clear and convincing evidence that a parent has a diagnosable condition of mental deficiency, unlikely to change within reasonable time to allow the parent to provide minimally acceptable care. *S.C. Dep't of Soc. Servs. v. Humphreys*, 297 S.C. 118, 119-21, 374 S.E.2d 922, 924 (Ct. App. 1988). Dr. Paez opined Mother suffered from bipolar disorder, which she refused to acknowledge or treat. Dr. Paez observed that Mother's bipolar disorder often causes her to have delusional thoughts and become "agitated, loud, almost nonstop talking, very angry, [and] blaming everybody for her problems." Mother's testimony also presented several delusional stories and accusations, including accusations that a DSS caseworker slapped and ran her over with a car; several co-workers attempted to kill her by pouring paint thinner down her throat; her former husband kidnapped her children; and a second DSS caseworker kidnapped and beat her. Moreover, testimony shows Mother becomes easily angry and agitated. Dr. Paez further testified Mother could possibly care for Child but only if she accepted treatment and DSS strictly supervised Mother for a year or two. However, we do not believe Mother will be able to provide minimally acceptable care for Child because evidence in the record reflects Mother has struggled with bipolar disorder without accepting treatment. Mother's mother stated Mother was previously admitted to psychiatric facilities on three separate occasions. Mother also lost custody of her first two children because she could not control her anger and filed false police reports. Accordingly, we find clear and convincing evidence shows Mother has a diagnosable condition, which is unlikely to change in a reasonable time, and this condition makes Mother unlikely to provide minimally acceptable care for the child. S.C. Code Ann. § 63-7-2570(6) (Supp. 2012).

Finally, we conclude TPR and adoption is in Child's best interest. Mother argues TPR is premature because she is making progress with the treatment plan. In *South Carolina Department of Social Services v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009), we found the family court erred in finding TPR was in the children's best interest because the mother was making progress on her

treatment plan, and the guardian ad litem (GAL) and mother's psychologist never observed the mother interacting with her children. This case is factually distinguishable from *Janice C.* because Child's GAL, Child's counselor, and the DSS caseworker observed Mother's visits with Child caused Child to suffer such extreme anxiety that she tore off a fingernail from biting it and continuously scratched behind her ear until she created a yeast infection. Child's counselor observed that she became despondent, sad, quiet, and lethargic during visits with Mother. Child's counselor further stated TPR and adoption is in Child's best interest because Mother "is an extremely angry and potentially always aggressive person," which frightens Child and causes her to "shut . . . down." Unlike *Janice C.*, Child's foster parents are considering adopting her if TPR is granted, and her paternal grandparents have also expressed an interest in adopting her. *See id.* at 230-31, 678 S.E.2d at 468 (finding TPR was premature given the fact that the record was devoid of any evidence that suitable adoptive parents had been identified or that the GAL observed the mother's visits with her children). Accordingly, we affirm the family court's order terminating Mother's parental rights.

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.