**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Holly M. Smith and Steven L. Smith, Appellants.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-001095

Appeal From Oconee County
Edgar H. Long, Jr., Family Court Judge

Unpublished Opinion No. 2016-UP-328
Submitted June 14, 2016 – Filed June 20, 2016

**AFFIRMED**

Raymond Elston MacKay, of MacKay Law Firm, PA, of Anderson, for Appellant Holly M. Smith.

R. Mills Ariail, Jr., of Law Office of R. Mills Ariail, Jr., of Greenville, for Appellant Steven L. Smith.

Kathleen J. Hodges, of the South Carolina Department of Social Services, of Walhalla; Kimberly Renae Welchel, of The Rosemond Law Firm, of Seneca; and Dottie C.

Ingram, of the South Carolina Department of Social Services, of Anderson, for Respondent.

John Frederic Prescott, Jr., of Larry C. Brandt, PA, of Walhalla, for the Guardian ad Litem.

—————————

**PER CURIAM:**  Holly M. Smith (Mother) and Steven L. Smith (Father) appeal the family court's order terminating their parental rights to their three minor children (Children).[1]  On appeal, Mother argues the family court erred in finding clear and convincing evidence supported termination of parental rights (TPR) because (1) Mother harmed Children and due to the severity or repetition of the abuse or neglect, her home could not be made safe within twelve months and (2) Mother failed to remedy the conditions that led to Children's removal.  Mother also argues the family court erred by (1) making no finding of Mother's wilfulness in failing to rectify the harm and (2) failing to give adequate consideration to South Carolina public policy regarding reuniting parents and children in the best interest of the children.  Father argues the family court erred in finding the South Carolina Department of Social Services (DSS) proved (1) by clear and convincing evidence he failed to remedy the conditions that caused the removal of Children; (2) by clear and convincing evidence Children were harmed and that his home could not be made safe within twelve months; and (3) TPR was in Children's best interest.  We affirm.[2]

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."  *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014).  However, this "review neither relieves an appellant of demonstrating error nor requires [this court] to ignore the findings of the family court[,]" who was in a better position to evaluate the witnesses' credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 388-89, 709 S.E.2d 650, 653-54 (2011).  "The family court may order [TPR] upon a finding of one or more of the [statutory] grounds and a finding that termination is in the best interest of the child . . . ."  S.C. Code Ann. § 63-7-2570 (Supp. 2015).  TPR grounds must be proven by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker,* 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established."  *Loe v. Mother, Father,*

—————————

[1] This court consolidated the parties' two appeals.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

*& Berkeley Cty. Dep't of Soc. Servs.*, 382 S.C. 457, 465, 675 S.E.2d 807, 811 (Ct. App. 2009) (quoting *Anonymous (M-156-90) v. State Bd. of Med. Exam'rs*, 329 S.C. 371, 374 n.2, 496 S.E.2d 17, 18 n.2 (1998)).

As to Mother, first, evidence in the record proved by clear and convincing evidence that, due to the severity or repetition of the abuse or neglect, Mother's home could not be made safe within twelve months. *See* § 63-7-2570(1) (prescribing as a TPR ground a situation in which "[t]he child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20 [of the South Carolina Code (2010)], and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); § 63-7-20(4)(a) (defining "harm" as a situation in which a parent inflicts physical or mental injury upon the child or "engages in acts or omissions [that] present a substantial risk of physical or mental injury to the child"). Mother had a longstanding drug addiction and failed or refused multiple drug screens until the month prior to the TPR hearing. Mother had yet to complete counseling and was unsure when she would finish the second of three outpatient drug treatment stages. We recognize Mother believed she would successfully finish drug treatment and follow through on counseling;[3] however, neither of these intentions had come to fruition at the time of the TPR hearing. Further, Mother waited almost one year to begin complying with the treatment plan, thereby delaying her ability to complete the treatment plan's requirements before the TPR hearing. Ultimately, Mother's ten-year record of drug abuse coupled with her inability to complete the treatment plan proved by clear and convincing evidence her home could not be made safe within one year of the hearing.

Second, DSS proved by clear and convincing evidence Mother failed to remedy the conditions that caused Children's removal. *See* S.C. Code Ann. § 63-7-2570(2) ("The family court may order [TPR] upon a finding . . . [t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement

---

[3] Although Mother contends she was unable to follow the psychologist's recommendations until January 2015 because DSS failed to provide her with an evaluation report, the DSS caseworker's testimony directly contradicted this assertion. Also, we note the family court found Mother not to be credible. *S.C. Dep't of Soc. Servs. v. Michelle G.*, 407 S.C. 499, 504, 757 S.E.2d 388, 391 (2014) (noting this court is not required "to disregard the findings of the family court, which was in a better position to evaluate the credibility of the witnesses and assign weight to their testimony").

between the department and the parent and the parent has not remedied the conditions [that] caused the removal."). Children were removed from Mother in November 2013, and the family court ordered a treatment plan in January 2014. Mother had not completed her drug treatment by February 2015, admitted to being in only the second of three stages of outpatient drug treatment at the time of the TPR hearing, and did not begin the recommended psychological treatment until one month prior to the TPR hearing. Moreover, Mother tested positive for drugs until, at least, September 2014 and during DSS's involvement prior to that date, either refused or failed drug tests. Therefore, regardless of Mother's late attempts to remedy the conditions that led to Children's removal, she failed to do so. *See Dep't of Soc. Servs. v. Pritchett*, 296 S.C. 517, 520, 374 S.E.2d 500, 501 (Ct. App. 1988) ("[A]n *attempt* to remedy alone is [in]adequate to preserve parental rights. . . . The attempt must have, in fact, remedied the conditions."); *S.C. Dep't of Soc. Servs. v. Cummings*, 345 S.C. 288, 294-95, 547 S.E.2d 506, 509-10 (Ct. App. 2001) (affirming the termination of a mother's parental rights pursuant to section 63-7-2570(2) when she continually failed or refused drug tests and completed no treatment classes). Accordingly, clear and convincing evidence supported this statutory ground for TPR.[4]

As to Father,[5] first, evidence in the record proved by clear and convincing that due to the severity or repetition of the abuse or neglect, Father's home could not be

---

[4] Mother's argument that DSS was required to show she wilfully failed to rectify the harm is meritless. *See generally* § 63-7-2570(1) and (2) (failing to require a showing of wilfulness); *cf.* § 63-7-2570(3), (4), and (7) (requiring a showing of the parent's wilfulness); *see also Hodges v. Rainey*, 341 S.C. 79, 87, 533 S.E.2d 578, 582 (2000) ("If the legislature's intent is clearly apparent from the statutory language, a court may not embark upon a search for it outside the statute."); *id.* (reciting the canon of construction that to include one thing implies the exclusion of another, or the alternative).

[5] Father did not appeal the family court's finding that he failed to support Children pursuant to section 63-7-2570(4) of the South Carolina Code (Supp. 2015); therefore, this finding is the law of the case. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, whe[n] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."). Nonetheless, we address the merits of the appealed grounds because of our overriding concern for the welfare of Children and finality of TPR. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors.").

made safe within twelve months.  *See* § 63-7-2570(1) (prescribing as a TPR ground a situation in which "[t]he child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20, and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); § 63-7-20(4)(a) (defining "harm" as a situation in which a parent inflicts physical or mental injury upon the child or "engages in acts or omissions [that] present a substantial risk of physical or mental injury to the child").  Father admitted he had been a drug addict for over ten years, most recently using in June 2014.  Despite his longstanding addiction, Father voluntarily left a ten-month drug treatment center prior to completing treatment and failed to seek the recommended follow up treatment.  Additionally, Father did not begin to follow the psychologist's recommendation until mere weeks before the TPR hearing.  We also note Father had numerous other treatment plans over the past decade but failed to comply with any of them.  *See* § 63-7-2570(1) ("In determining the likelihood that the home can be made safe, the parent's previous abuse or neglect of the child or another child may be considered.").  Thus, while Father made an effort to make his home safe, it was unlikely it could be made safe within one year.  Accordingly, the family court did not err in finding clear and convincing evidence showed that, due to the severity or repetition of the abuse or neglect, it was not reasonably likely Father's home could be made safe within twelve months.

Second, clear and convincing evidence supported TPR based upon Father's failure to remedy the conditions that led to Children's removal.  Father did nothing to comply with the treatment plan until almost six months after its issuance.  Additionally, although Father began a drug treatment program, he left the ten-month program only two months in, and he failed to follow through with the program's recommended outpatient treatment.  Moreover, Father sought the required psychological treatment the day he was served with notice of the TPR hearing.  Finally, Father admitted to using drugs as recently as June 2014.  This evidence showed that, regardless of his late attempts, Father had failed to remedy the conditions that led to Children's removal.  *See* § 63-7-2570(2) (proving a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent and the parent has not remedied the conditions which caused the removal"); *Pritchett*, 296 S.C. at 520, 374 S.E.2d at 501 ("[A]n *attempt* to remedy alone is [in]adequate to preserve parental rights . . . .  The attempt must have, in fact, remedied the conditions."); *Abercrombie v. LaBoon*, 290 S.C. 35, 38, 348 S.E.2d 170, 171-72 (1986) ("While a parent's curative conduct after initiation of an

action for [TPR] may be considered by the court on the issue of intent, it must be considered in light of the timeliness by which it occurred."). Thus, clear and convincing evidence supported TPR because Father failed to remedy the conditions that cause Children's removal.

As to both Mother and Father, we find TPR was in Children's best interest. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (noting the child's best interest is the paramount consideration in a TPR proceeding). Mother and Father had abused drugs for over ten years, and Mother admitted to using drugs just months prior to the TPR hearing. Neither Mother nor Father had completed any portion of their treatment plans; instead, each began to comply with some parts of their respective plans in late 2014. Also, Mother stated she had no job and did not know when she would obtain employment. Additionally, the guardian ad litem (GAL) testified TPR was in Children's best interest and, along with the DSS caseworker, recommended TPR. Regarding Father, we find it concerning that despite his admission to abusing drugs for over ten years, he voluntarily left a ten-month treatment facility only two months after beginning treatment and chose not to participate in recommended follow up treatment post-discharge. We also note Father stated at the TPR hearing he was unsure when his home would be ready for Children's return. Further, the GAL and caseworker believed Children were doing well in their foster homes and their respective foster parents were willing to adopt. *See* S.C. Code Ann. § 63-7-2510 (2010) (explaining TPR statutes were adopted "to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption"). Finally, evidence in the record showed Children lacked stability, having been out of Mother's and Father's care for more than five of the past eleven years. *See S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) ("A primary objective of the TPR statutes is to free children for the stability adoption can provide."). Based upon this evidence, we find TPR is in Children's best interest. *See* § 63-7-2570 (requiring that in order for a family court to terminate a parent's rights, it must find that TPR is in the child's best interest); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict.").

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**