**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

John Smith and Jane Smith, Respondents,

v.

Devin Wilson, David Mize, and South Carolina
Department of Social Services, Defendants,

Of whom David Mize is the Appellant

and

South Carolina Department of Social Services is a
Respondent.

Appellate Case No. 2022-000595

_____

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

_____

Unpublished Opinion No. 2023-UP-216
Submitted May 4, 2023 – Filed May 26, 2023

_____

**AFFIRMED**

_____

Jennifer Lynn Mook, of Law Office of Jennifer Mook,
LLC, of Aiken; and Dustin Christian Davis, of Dustin C.
Davis, Attorney at Law, LLC, of Greenville, both for
Appellant.

Jonathan Drew Hammond, of Greenville, for
Respondents John and Jane Smith.

Amanda Stiles, of South Carolina Department of Social
Services, of Greenville, for Respondent South Carolina
Department of Social Services.

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for the Guardian ad
Litem.

---

**PER CURIAM:** David Mize (Father) appeals a family court order terminating his parental rights to his minor child (Child). On appeal, Father argues the family court erred by (1) allowing John and Jane Smith (Foster Parents) to amend their pleadings to conform to the evidence presented at trial; (2) finding clear and convincing evidence showed Child was harmed, and due to the severity or repetition of the abuse or neglect, Father's home could not be made safe within twelve months, Father failed to remedy the conditions that caused Child's removal, and Father had a diagnosable condition that was not likely to change and made it unlikely he could provide minimally acceptable care for child; and (3) finding termination of parental rights (TPR) was in Child's best interest. We affirm.

"In appeals from the family court, this Court reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court has the authority to make its own findings of fact, we recognize the superior position of the family court, which saw and heard the witnesses, in making credibility determinations. *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011). Thus, this court will affirm the family court's factual findings unless the appellant shows the preponderance of the evidence is against the finding of the family court. *Id.* The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

Initially, we hold Father's argument that the family court erred by *sua sponte* amending the complaint to include an additional ground for TPR is not preserved for appellate review because Father did not raise the issue in a Rule 59(e), SCRCP,

motion. *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").

Additionally, we hold Father's argument that the family court erred by granting a motion to amend the complaint to include the additional ground for TPR that Father had a diagnosable condition unlikely to change and the condition made him unlikely to provide minimally acceptable care is not preserved for appellate review because Father did not object to the qualification or testimony of an expert witness who testified about this additional ground. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."). Even if this issue were preserved, the family court did not abuse its discretion by allowing the amendment because Father failed to show prejudice. *See Harvey v. Strickland*, 350 S.C. 303, 313, 566 S.E.2d 529, 535 (2002) ("A motion to amend is addressed to the sound discretion of the trial judge, and the party opposing the motion has the burden of establishing prejudice."). Father was well aware that his drug use would be the focus of the hearing, and it was Father's witness who was qualified as an expert in addictions counseling by Foster Parents and testified that Father had a diagnosable condition of substance abuse; thus, Father had a qualified witness available to testify about this ground. Although Father's questioning of the witness concerning the ability of someone with such a condition to parent was not permitted by the court, Father did not raise the propriety of this ruling on appeal. Therefore, the family court did not abuse its discretion by permitting the amendment.

The family court did not err by finding Father had not remedied the conditions that caused Child's removal. *See* § 63-7-2570 (2) (providing a statutory ground for TPR is met when a child has been removed and has been out of the home for a period of six months following the adoption of a placement plan and the parent has not remedied the conditions that caused the removal). Father acknowledged he had not completed two requirements of the placement plan—maintaining stable housing and employment for a period of six months. Father admitted he continued to abuse drugs for at least two months after Child was removed and that he did not enter in-patient drug rehabilitation until four months after Child was removed— two months after the family court ordered him to complete a placement plan. Moreover, Father has not demonstrated an ability to remain sober outside of intensive in-patient drug rehabilitation. *See Dep't of Soc. Servs. v. Pritchett*, 296

S.C. 517, 520, 374 S.E.2d 500, 501 (Ct. App. 1998) (explaining the TPR statute

Thus, we hold clear and convincing evidence supports this ground.[1]

The family court did not err by finding TPR was in Child's best interest. *See Stasi v. Sweigart*, 434 S.C. 239, 256, 863 S.E.2d 669, 678 (2021) ("In a TPR case, the best interest of the child is the paramount consideration." (quoting *S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 85, 814 S.E.2d 148, 161 (2018))); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *Swain v. Bollinger*, 435 S.C. 280, 285, 866 S.E.2d 923, 925 (2022) ("The focus of this inquiry must be on 'the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.'" (quoting *Smith*, 423 S.C. at 85, 814 S.E.2d at 161)). Child was born with serious medical conditions due to *in utero* exposure to drugs, and the evidence presented showed Father either knew about the drug use or should have known about the drug use, but he took no action to stop it. The undisputed evidence showed Child's medical conditions require constant care, he had multiple medical interventions during his first year of life, and he would likely need intensive medical care throughout his lifetime. Foster Parents demonstrated their willingness and ability to care for Child and his medical needs since Child arrived in their custody at nine days old. Finally, Father, the DSS case worker, and the guardian ad litem agreed that Child shared a bond with his foster parents. Thus, we hold TPR is in Child's best interest.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] Because we find clear and convincing evidence showed Father failed to remedy the conditions that caused Child's removal, we decline to address the two remaining statutory grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.