618 S.E.2d 922

**DEPARTMENT OF SOCIAL SERVICES, Respondent,**

v.

**Sheila PHILLIPS; Ray Berry; Shonna Nichole Phillips, a minor child born January 20, 1987; Mick Cherokee Dayne Phillips, a minor child born September 22, 1995; and Brea Marie Phillips, a minor child born July 15,1998, Defendants,**

**of whom Sheila Phillips is the, Appellant.**

No. 4021.

Court of Appeals of South Carolina.

Heard June 7, 2005.

Decided Aug. 8, 2005.

Rehearing Denied Sept. 20, 2005.

---

574

Ruth L. Cate and David M. Collins, Jr., both of Spartanburg, for Appellant.

Kenneth Philip Shabel, of Spartanburg, for Respondent.

KITTREDGE, J.:

Sheila Phillips appeals the family court's termination of her parental rights to two of her three children. We affirm.

## FACTS

Sheila Phillips is the mother of three children: Shonna, Mick, and Brea, ages 16, 8, and 5, respectively, as of the date of the final hearing in December 2003. This appeal arises from the family court's termination of Phillips' parental rights as to Mick and Brea on February 23, 2004, for failure to remedy the conditions that caused removal and failure to support Brea for a period of six months prior to the commencement of the termination of parental rights proceedings.[1]

On July 19, 2001, the Department of Social Services (DSS) took the children into emergency protective custody under an *ex parte* order. The family court subsequently issued a formal order of removal, which included Phillips' stipulation that she physically neglected her children and that Brea had been sexually abused by an unknown perpetrator. The family court also approved an agreed-upon treatment and placement plan for reunification. Following a judicial review hearing in July 2002, the family court returned the children to Phillips. The family court order required Phillips to continue compliance with the treatment plan and imposed a continuing obligation on DSS and the guardian ad litem to monitor the family.

The children were again removed from Phillips' custody in December 2002. The family court granted removal because "returning the minor children to the home of the Defendant Sheila Phillips would ... be contrary to the welfare and best interests of the minor children." The parties agreed to a second treatment and placement plan for reunification. The family court also ordered Phillips to pay a weekly child support obligation for Brea and transfer Mick and Shonna's social security checks to DSS.

---

1. Brea's father is Ray Berry, who was a co-defendant in the underlying action, but Berry was in default and did not appeal the family court's decision as to termination of his parental rights. The biological father of Mick and Shonna is deceased.

DSS eventually filed for termination of parental rights. Following the December 2003 hearing, the family court terminated Phillips' parental rights as to Mick and Brea, but denied termination of Phillips' rights as to Shonna.[2] This appeal followed.

## STANDARD OF REVIEW

"In a termination of parental rights (TPR) case, the best interests of the children are the paramount consideration." *Doe v. Baby Boy Roe*, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct.App.2003). Before a parents rights may be terminated, the alleged grounds for termination must be proven by clear and convincing evidence. *South Carolina Dept. of Soc. Servs. v. Mrs. H*, 346 S.C. 329, 333, 550 S.E.2d 898, 901 (Ct.App.2001). On appeal, this court may review the record and make its own determination of whether the grounds for termination are supported by clear and convincing evidence. *Id.*

## LAW/ANALYSIS

The family court terminated Phillips' parental rights as to Mick and Brea upon finding: (1) Phillips failed to remedy the conditions giving rise to the need for their removal, (2) Phillips failed to support Brea as required under the court's removal order, and (3) termination of Phillips' parental rights was in the best interests of the children. The family court's decision to grant DSS's request for TPR on these grounds is governed by statute:

> The family court may order the termination of parental rights upon a finding of *one or more* of the following grounds *and* a finding that termination is in the best interest of the child:
>
> . . . .
>
> (2) The child has been removed from the parent pursuant to Section 20–7–610 or Section 20–7–736, has been out of the home for a period of six months following the adoption of a

---

**2.** The family court did not terminate Phillips' parental rights as to Shonna because she was 17 years old at the time of the order and did not want to be adopted. The guardian ad litem did not recommend termination in connection with Shonna.

placement plan by court order or by agreement between the department and the parent, and the parent has not remedied the conditions which caused the removal;

. . . .

(4) The child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child. . . .

S.C.Code Ann. § 20–7–1572 (Supp.2004) (emphasis added). Phillips argues there was an insufficient basis for the family court's determination as to all three of these findings. We disagree. For the reasons set out below, we find there is clear and convincing evidence to support the family court's finding that Phillips failed to adequately remedy the conditions which caused the removal. Because our affirmance of this finding constitutes a sufficient statutory ground for termination, we need not reach the family court's additional finding concerning Phillips' failure to support Brea. We further find clear and convincing evidence to support the family court's finding that termination was in the best interest of the children.

### I. Failure to Remedy Conditions

Phillips raises two specific arguments in claiming the family court erred in finding she failed to remedy the conditions that caused the removal of Mick and Brea. First, she claims the family court's February 5, 2003, Order for Removal was unenforceable because it failed to set forth the conditions which caused the removal and failed to include necessary information regarding the treatment plan as required by statute. Second, Phillips claims that, even if the order were enforceable, she had effectively remedied the conditions DSS asserted as the cause for removal. We address these arguments separately below, finding neither meritorious.

### A. Sufficiency of the Order for Removal

■ We reject Phillips' challenge to the sufficiency of the family court's February 5, 2003, Order for Removal, finding: (1) the challenge is procedurally barred, and (2) in any event, the order complied with the prescribed statutory requirements in all necessary particulars.

First, we note that Phillips' argument concerning the sufficiency of the removal order is procedurally barred as untimely. After the Order for Removal was filed by the family court, Phillips raised no objection to the treatment plan it set out or any of its other findings. Phillips, in fact, consented to the plan. Once the family court has conducted a merits hearing and ordered a treatment plan, failure to object to the sufficiency of a plan or the process by which a plan was developed waives the right to raise such an objection in a subsequent termination of parental rights action. S.C.Code Ann. § 20–7–764(H) (Supp.2004) (providing that "[f]ailure to request a hearing or to enter an objection at the hearing constitutes a waiver of the objection" and that "[t]he sufficiency of the plan or of the process for developing the plan may not be raised as an issue in a proceeding for termination of parental rights ..."); *see also Hooper v. Rockwell,* 334 S.C. 281, 291, 513 S.E.2d 358, 364 (1999) (noting that "any order issued as a result of a merit hearing, as well as any later order issued with regard to a treatment, placement, or permanent plan, is a final order that a party must timely appeal"). Accordingly, Phillips has waived her right to object to the sufficiency of the Order for Removal in the present appeal.

■ Second, even if this challenge were properly before us on the merits, we find the Order for Removal satisfied the statutory requirements and was therefore fully enforceable. In the present case—as is typical—the Order for Removal included a placement and treatment plan designed to aid in the reunification of the parent and children. The formulation and adoption of these plans are governed by South Carolina Code section 20–7–764 (Supp.2004). "The placement plan shall include, but is not limited to ... the specific reasons for removal of the child from the custody of the parent or guardian and the changes that must be made before the child may be returned...." § 20–7–764(B)(1). The placement plan should also include "the financial responsibilities and obligations, if any, of the parents or guardian for the support of the child during the placement." § 20–7–764(B)(4). Finally, the placement plan "shall state the conditions necessary to bring about return of the child and the reasonable efforts that will be made by the department to reunite the child with the child's family." § 20–7–764(C).

We find the removal order sufficiently complied with the requirements set forth by section 20–7–764. The children were removed from the home because Phillips stipulated to abuse and neglect of the children, and the guardian ad litem recommended the removal. According to the plan, Phillips had to cooperate with counseling until released by her counselor, obtain an assessment and complete any recommended drug programs, refrain from using illegal drugs and from abusing alcohol, submit to random drug and alcohol screens, submit to an evaluation to address her ability to obtain employment, transfer Shonna and Mick's social security benefit checks to DSS, and pay child support for Brea in the amount of $15 per week. The family court was principally concerned with Phillips' drug use, need for counseling, and employment.[3]

### B. Phillips' Failure to Correct the Conditions that Warranted the Children's Initial Removal

We now turn to the substance of the family court's finding that Phillips failed to remedy the conditions that caused the removal of Mick and Brea. As set out above, section 20–7–1572(2) provides for termination of parental rights if "[t]he child has been removed from the parent ... has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between the department and the parent, and *the parent has not remedied the conditions* which caused the removal." (emphasis added). "[T]he statute allows for termination of parental rights where the parent has *not remedied* the conditions causing removal. This does not suggest that an *attempt* to remedy alone is adequate to preserve parental rights. Otherwise, the statute would be couched in such terms. The attempt must have, in fact, remedied the conditions." *Dept. of Soc. Servs. v. Pritchett,* 296 S.C. 517, 520, 374 S.E.2d 500, 501 (Ct.App.1988) (emphasis in original).

We recognize that Phillips showed some progress in her treatment plan, but she fell short in actually remedying the conditions causing the removal, namely ending her drug use, continuing counseling, and finding employment. Phillips test-

---

3. These are the same concerns echoed by the family court in the earlier April 2002 order for removal.

ed positive for methamphetamines in December 2002. She also refused to take the drug screens offered in March and April 2003, which constituted positive drug screens according to the court order. Phillips tested positive for opiates at the methadone drug clinic in May 2003. Once she consented to a DSS drug test that same May, she tested positive for cocaine. Significantly, despite her ongoing battle with the drugs, Phillips failed to seek treatment until May 2003, three months after the removal order. Furthermore, she did not seek alcohol and drug counseling until July 2003, nearly five months after the removal order.

Concerning the counseling requirement, although Phillips cooperated initially, she discontinued her counseling sessions in October 2003. As of the date of the termination hearing, Phillips had still not resumed counseling, thereby failing to successfully complete her counseling as required by the placement plan.

Turning to the issue of Phillips employment, despite the family courts admonishment for her to seek an evaluation for employability, Phillips failed to do so. Phillips began the GED program, waiting until two months prior to the termination hearing to do so. At the time of the termination hearing, she apparently had no income, although the record demonstrates she was capable of regular employment.

In sum, Phillips failed to meaningfully address her drug addiction problem over an extended period of time. In addition, her efforts at remaining in counseling and finding employment were spotty and ineffective. Therefore, we find clear and convincing evidence that Phillips failed to remedy the conditions that caused the removal.

## II. Best Interest of the Children

■ Phillips claims the family court erred in finding clear and convincing evidence that termination of her parental rights was in the best interest of Mick and Brea. We disagree.

Assuming that the asserted termination ground enumerated within section 20–7–1572 has been established, the family court must also make a finding that the termination of parental rights is in the best interest of the child. S.C.Code Ann. 20–7–1572 (Supp.2004) ("The family court may order the ter-

mination of parental rights upon a finding of one or more of the following grounds and a finding that termination is in the best interest of the child. . . . "). Our supreme court has emphasized the courts of this state have for many years, consistent with the expressed desire of our Legislature, decided "all matters involving the custody or care of children in light of the fundamental principle that the controlling consideration is the best interests of the child." *Hooper*, 334 S.C. at 295, 513 S.E.2d at 366 (quoting *In re Doran*, 129 S.C. 26, 31, 123 S.E. 501, 503 (1924)).

Brenda Lipe, an expert in the field of child therapy, testified that continued contact between the children and Phillips would not be in the children's best interest. She also testified Brea was exposed to inappropriate sexual behaviors between Phillips and Ray Berry when Brea and Mick returned home in July 2002. This is of particular concern because the family court had strictly prohibited contact between the children and Berry in a previous order. The guardian ad litem and Phillips confirmed violation of this provision. Brea then acted this sexual behavior out with another child in her foster home.

Significantly, according to Lipe, "[t]herapeutically, [the children] are wonderful. They are flourishing. They are thriving." Mick's grades have drastically improved, and "[h]e is less anxious and withdrawn." Lipe stated that Mick was always "withdrawn and sullen" after visiting with his mother, anxieties that arose again shortly before the termination hearing because Mick was concerned "he was going to have to go home." In Lipe's expert opinion, returning the two children to Phillips "would devastate them."

The guardian ad litem also recommended termination of Phillips parental rights as to Mick and Brea. The guardian was specifically concerned with Phillips failure to work on her treatment plan for drug abuse and pay child support. She testified that while Brea and Mick "love [Phillips] as a mother and recognize her as their mother, . . . their family now is with the Browns."

The termination of parental rights is often a difficult and unpleasant process and experience for all concerned, and this case is no exception. In undertaking this unenviable task, our courts face competing, yet mutually vital considerations. On

the one hand, we must seek to uphold the Legislatures express public policy that children be reunited with their parents whenever possible. *See* S.C.Code Ann. 20–7–20(D) (1985) (providing that "[i]t is the policy of this State to reunite the child with his family in a timely manner, whether or not the child has been placed in the care of the State voluntarily"); *Hooper*, 334 S.C. at 296, 513 S.E.2d at 366 (noting "[t]he public policy of this state in child custody matters is to reunite parents and children"). This policy goal stems from the recognition that the interest of the natural parents in the care and nurture of their child does not vanish simply because they have been less than model parents or have lost temporary custody of their child to the State. Yet, this desire to preserve the natural family bond must be balanced by the always paramount—"controlling"—concern that the best interest of the child be protected and advanced. In this case, the preference for family reunification must give way to the clear and convincing evidence that the best interests of the children are served by terminating Phillips parental rights to Mick and Brea.

## CONCLUSION

We find Phillips failed to remedy the conditions set out by the placement plan in the February 2003 removal order and find the best interests of the children are served by terminating her parental rights. Because these findings are sufficient to uphold the family court's order, we do not reach Phillips' additional assignment of error concerning the family court's finding she willfully failed to support Brea. Therefore, the family court's decision to terminate Phillips' parental rights as to Mick and Brea is

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.