THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Tonya H.,
 Calvin J., John Doe, and Calvin D. J. DOB: 7/18/99, Defendants,
 Of Whom Calvin
 J. is the Appellant.[1]
 
 
 

Appeal from Greenville County
 R. Kinard Johnson, Jr., Family Court
 Judge
Unpublished Opinion No. 2008-UP-072
Submitted January 2, 2008  Filed January
 24, 2008    
AFFIRMED

 
 
 
 William M. Wilson, of Greenville, for Appellant.
 Deborah  Murdock, of Mauldin, for Respondent.
 Robert A. Clark, of Greenville, for the Guardian Ad Litem.
 
 
 

PER CURIAM:  This
 is a termination of parental rights (TPR) action.  The family court granted a
 petition filed by the South Carolina Department of Social Services (SCDSS) to
 terminate the parental rights of Calvin
 J. (Father) to his minor child Calvin D. J. (Child).  Father appeals pursuant
 to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987).  We affirm.[2]  
The family court
 terminated Fathers parental rights to Child on the grounds that (1) Child has
 lived outside Fathers home for a period of at least six months and Father has
 willfully failed to support Child or make a material contribution to Childs
 care as required by S.C. Code Ann. § 20-7-1572(4) (Supp. 2006), (2) Child has
 lived outside Fathers home for at least six months and Father has willfully
 failed to visit Child pursuant to id. § 20-7-1572(3), (3) Father has
 failed to remedy the conditions which caused the removal of Child as required
 by id. § 20-7-1572(2), and (4) Child has been in foster care for fifteen
 of the most recent twenty-two months as provided in id. § 20-7-1572(8). 
 The family court further found it was in Childs best interest that TPR be
 granted.
Child
 lived with Father from the time of his birth in 1999 until Father was
 incarcerated in 2004.  Father was released, but was thereafter reincarcerated
 on several occasions, causing Child to be taken into foster care.  Father also
 had an ongoing substance abuse problem.  At the time this case was decided,
 Child had been in foster care for two and a half years and had a family who
 wished to adopt him.  Based on all reports, Child was thriving in his new
 environment.  Father opposes this action to terminate his parental rights,
 however, arguing he has made efforts to support and visit Child, and he has
 formed a bond with Child.
We have carefully reviewed this record and we are not
 unsympathetic to Father, especially in light of evidence that he formed a bond
 with Child.  We do recognize the policy in the South Carolina Code of Laws for
 reunification as stated in S.C. Code Ann. § 20-7-20(D) (1985),[3] but we also know the countervailing
 best interest of the minor child must always remain paramount.  See Dept
 of Soc. Servs. v. Phillips, 365 S.C.
 572, 576, 618 S.E.2d 922, 923-24 (Ct. App. 2005) (stating in TPR cases,
 the best interest of the child is the paramount and controlling consideration).
After weighing these competing, yet vital, considerations, we are
 firmly persuaded the family court judge made the correct decision to terminate
 Fathers parental rights in this unfortunate and difficult case.  We concur
 with the family court judges decision based on Fathers recidivist tendencies,
 apparently stemming from his inability to deal with his drug addiction. During
 the varying times between his multiple incarcerations, Father demonstrated some
 effort to act as a parent.  Conversely, there were times when Father did not
 act as a parent.  In fact, there were months where he did not pay any support
 or visit his son.  Thus, we conclude termination of Fathers parental rights is
 in Childs best interest so that Child will have a stable home environment.  Cf. Phillips, 365 S.C. at 579-80, 582, 618 S.E.2d at 925, 927 (recognizing
 that, while Phillips showed some progress in her treatment plan, she fell short
 of actually remedying the conditions that caused the childs removal, namely
 ending her drug use, continuing counseling, and finding employment, and thus
 concluding that termination of Phillipss parental rights was in the best
 interests of the children).
For the foregoing reasons, the order of the family court is,
 therefore,
AFFIRMED.
HEARN, C.J., and KITTREDGE and THOMAS, JJ., concur.

[1]  The record in this matter is sealed.
[2]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.  
[3]  Section 20-7-20(D) provides in relevant part:  It
 is the policy of this State to reunite the child with his family in a timely
 manner, whether or not the child has been placed in the care of the State
 voluntarily.  Id.