THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Carrie P.,
 Scott P., and David P., Defendants,
 
 Of whom Carrie
 P. is the Appellant.
 
 In the interest of three minor children under the age of 18.
 
 
 

Appeal From Oconee County
Timothy M. Cain, Family Court Judge

Unpublished Opinion No.   2010-UP-400
 Submitted September 1, 2010 - Filed
September 14, 2010

AFFIRMED

 
 
 
 Kirby Rakes Mitchell, of Greenville, for
 Appellant.
 Kimberly Renae Welchel, of Walhalla, for
 Respondent.
 John Frederic Prescott, Jr., of Walhalla,
 for Guardian ad Litem.
 
 
 

PER CURIAM: Carrie P. (Mother) appeals from the
 family court's order terminating her parental rights to her minor children
 (Children).  Mother argues the family court erred in terminating her parental rights pursuant to sections
 63-7-2570(2) (failure to remedy the conditions that caused removal) and (8) (in
 foster care for fifteen of the most recent twenty-two months) of the South
 Carolina Code (2010).  Mother also appeals the family court's finding termination of parental rights
 (TPR) was in Children's best interests.  Additionally, Mother argues the family
 court erred in terminating her parental rights because the guardian ad litem (the
 Guardian) did not conduct an independent assessment.   We disagree.  
1. We affirm the
 family court's finding Children resided in foster care, under the
 responsibility of the state, for fifteen of the most recent twenty-two months.  See S.C. Code Ann. § 63-7-2570 (2010)
 (stating the family court may order TPR upon finding one or more of the eleven
 statutory grounds is satisfied and also finding TPR is in the best interest of
 the child); § 63-7-2570(8) (explaining one statutory ground for TPR is met when
 "[t]he child has been in foster care under the responsibility of the State
 for fifteen of the most recent twenty-two months"); Charleston County
 Dep't of Soc. Servs. v. Jackson, 368 S.C. 87, 101-02, 627 S.E.2d 765, 773
 (Ct. App. 2006) (noting the purpose of this statutory ground "is to ensure
 that children do not languish in foster care when termination of parental
 rights would be in their best interests").
2. We affirm the family
 court's finding Mother did not remedy the condition causing removal.  See § 63-7-2570(2) (stating one statutory ground for TPR is met when the child has
 been removed and "has been out of the home for a period of six months . .
 . and the parent has not remedied the conditions which caused the removal."); Dep't of Soc. Servs. v. Phillips, 365 S.C. 572, 579, 618 S.E.2d 922,
 925 (Ct. App. 2005) ("[T]he statute allows for termination of
 parental rights where the parent has not remedied the conditions causing
 removal. This does not suggest that an attempt to remedy alone is adequate to
 preserve parental rights. Otherwise, the statute would be couched in such terms.
 The attempt must have, in fact, remedied the conditions.").  
3. Despite Mother's
 arguments to the contrary, we find the Department of Social Services (DSS)
 proved by clear and convincing evidence that termination of Mother's parental
 rights was in the best interests of Children.  See S.C.
 Code Ann. § 63-7-2620 (2010) (explaining when the child's interests and the
 parental rights conflict, the child's interests shall prevail); Charleston
 County Dep't of Soc. Servs. v. King, 369 S.C. 96, 105, 631 S.E.2d 239, 244
 (2006) ("When reviewing the family court decision, appellate courts may
 make their own conclusions of whether DSS proved by clear and convincing
 evidence that parental rights should be terminated."); Jackson, 368
 S.C. at 95, 627 S.E.2d at 770 (stating despite the appellate court's broad
 scope of review, it should not necessarily disregard the findings of the family
 court, which was in a better position to evaluate the credibility of the
 witnesses and to assign weight to their testimony); Id. ("In a TPR
 case, the best interest of the child is the paramount consideration.").
4. We also find
 clear and convincing evidence the Guardian represented Children's best
 interest.  See S.C. Code Ann. §
 63-11-510 (2010) (stating the responsibilities and duties of a guardian include (1)
 representing a child's best interest; (2) advocating for
 the welfare and rights of a child in an abuse or neglect proceeding; (3)
 conducting an independent assessment of the facts, the needs of the child, and
 the available resources within the family and community to meet those needs; (4)
 maintaining a case record; (5)
 providing the family court with a written report; (6)
 monitoring compliance with family court orders and make motions to enforce the
 orders if necessary; and (7)
 protecting and promoting the best interests of the child); S.C. Code Ann. §
 63-11-530 (2010) (explaining a guardian is authorized to conduct an independent
 assessment of the facts, visit and observe a child, interview those involved in
 the case, and make recommendations to the family court concerning a child's
 welfare).  
AFFIRMED.[1]
FEW, C.J., WILLIAMS and
 KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.