**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Abbygail Turner, Vanuel McKinney, and John Doe,
Defendants,

Of whom Abbygail Turner is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2018-000886

Appeal From Spartanburg County
Usha J. Bridges, Family Court Judge

Unpublished Opinion No. 2019-UP-098
Submitted February 8, 2019 – Filed February 27, 2019

**AFFIRMED**

William Cory Hughes, of Law Office of W. Cory Hughes, LLC, of Greenville, for Appellant.

Robert C. Rhoden, III, of Spartanburg, for Respondent.

Jamia Diann Foster, of Law Office of Jamia D. Foster LLC, of Spartanburg, for the Guardian ad Litem.

---

**PER CURIAM:** Abbygail Turner (Mother) appeals the family court's order terminating her parental rights to her two minor children, Child 1 and Child 2 (collectively, Children). Mother argues the family court erred by finding clear and convincing evidence supported termination of parental rights (TPR) on the following grounds: (1) Mother failed to remedy the conditions causing removal, (2) Mother failed to support Children, and (3) Children had been in foster care for fifteen of the most recent twenty-two months. Additionally, Mother argues the family court erred by finding TPR was in Children's best interest. We affirm.[1]

"[O]n appeal[] from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "[D]e novo review neither relieves an appellant of demonstrating error nor requires [this court] to ignore the findings of the family court." *S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 67, 814 S.E.2d 148, 151 (2018) (quoting *Lewis v. Lewis*, 392 S.C. 381, 389, 709 S.E.2d 650, 654 (2011)).

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2018). "Because terminating the legal relationship between natural parents and a child is one of the most difficult issues an appellate court has to decide, great caution must be exercised in reviewing [TPR] proceedings[,] and [TPR] is proper only when the evidence clearly and convincingly mandates such a result." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 455, 639 S.E.2d 165, 168 (Ct. App. 2006).

We find clear and convincing evidence showed Mother failed to remedy the conditions that caused the removal of Children. *See* § 63-7-2570(2) (providing a statutory ground for TPR is satisfied when a "child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan . . . and the parent has not remedied the conditions [that] caused the removal"). In January 2016, the family court found Mother physically neglected Children and physically abused Child 2 because Mother tested positive for methamphetamine and marijuana metabolite three weeks after giving birth to Child 2, and Child 2 tested positive for marijuana metabolite.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Mother was ordered to complete an assessment for substance abuse treatment and follow any recommendations, to include becoming and remaining drug free. Mother initially completed substance abuse treatment on May 31, 2016. However, on December 11, 2016, she was arrested in North Carolina for possession of illegal drugs, pled guilty to the charge, and was sentenced to probation. Mother admitted she relapsed in December 2016, and she tested positive for methamphetamine and amphetamine on September 10, 2016, January 17, 2017, and March 1, 2017. Mother was again arrested on April 24, 2017, in North Carolina and remained incarcerated until December 26, 2017. Following her release, Mother completed drug treatment in February 2018, and she remained drug-free during the eleven-week period between her release and the March 14, 2018 TPR hearing. Although Mother showed periods of sobriety, by the time Mother completed a second course of substance abuse treatment, Children had been in foster care for approximately twenty-five months. Under these circumstances, an eleven-week period of sobriety was insufficient to demonstrate sustained behavioral change. Mother's relapse more than a year after Children were removed from her home constitutes clear and convincing evidence to support this ground. *See Dep't of Soc. Servs. v. Pritchett*, 296 S.C. 517, 520, 374 S.E.2d 500, 501 (Ct. App. 1988) ("[A]n *attempt* to remedy alone is [in]adequate . . . . The attempt must have, in fact, remedied the conditions." (emphasis by court)); *see also Dep't of Soc. Servs. v. Phillips*, 365 S.C. 572, 580, 618 S.E.2d 922, 926 (Ct. App. 2005) (holding a parent failed to remedy the conditions that caused removal when she "failed to meaningfully address her drug addiction problem over an extended period of time" and "her efforts at remaining in counseling and finding employment were spotty and ineffective").

Next, we find clear and convincing evidence showed Children remained in foster care for fifteen of the most recent twenty-two months. *See* § 63-7-2570(8) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months."). Children have been in foster care continuously since January 7, 2016. Mother contends, however, that she did not cause the delay in reunification, and pursuant to *Marccuci*, this ground for TPR was not satisfied. *See Charleston Cty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 227, 721 S.E.2d 768, 773 (2011) ("Whe[n] there is 'substantial evidence that much of the delay . . . is attributable to the acts of others,' a parent's rights should not be terminated based solely on the fact that the child has spent greater than fifteen months in foster care." (omission in original) (quoting *S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 420, 589 S.E.2d 753, 756 (2003) (Pleicones, J., concurring))). We find *Marccuci* is factually distinguishable from this case. There, the merits removal hearing was

continued multiple times and held more than one-and-a-half years after the child was placed in foster care. *See id.* at 223-24, 721 S.E.2d at 771-72 (describing the case between the time the child was taken into custody and the issuance of the merits hearing as a "procedural morass"). Unlike *Marccuci*, the evidence here showed Mother caused the delay in reunification by failing to timely engage in treatment, relapsing and using drugs between September 2016 and April 2017, and being incarcerated from April 24, 2017, until December 26, 2017. Thus, clear and convincing evidence supports this ground. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 338, 741 S.E.2d 739, 747 (2013) (distinguishing *Marccuci* and concluding this ground supported TPR when the facts did not "represent a 'procedural morass,' but instead show[ed] prolonged foster care because of valid court findings that reunification of the family unit was not in the children's best interests"); *id.* at 343, 741 S.E.2d at 749 (noting that the mother took steps at times "to remedy the [conditions] leading to removal of the children" but "failed to make the necessary lifestyle changes to provide them with a safe and stable environment"). Finally, Mother acknowledged during the TPR hearing that DSS likely proved Children had been in foster care for fifteen of the most recent twenty-two months and conceded she had no good argument against that ground. Accordingly, we find clear and convincing evidence supported TPR based on Children remaining in foster care for fifteen of the most recent twenty-two months.[2]

Finally, viewed from Children's perspective, we find TPR was in their best interest. *See Smith*, 423 S.C. at 85, 814 S.E.2d at 161 ("In a TPR case, the best interest of the child is the paramount consideration."); S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] whe[n] children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."); S.C. Code Ann. § 63-7-2620 (2010) ("The [interest] of the [child] shall prevail if the [child's] interest and the parental rights conflict."). Due to Mother's inability to maintain sobriety, Children had been in foster care for twenty-six months by the time the TPR hearing was held. Child 2 had lived outside of Mother's home since she was four weeks old. Based on Mother's prior relapse and her short period of sobriety, it is questionable whether she can provide

---

[2] Because we find clear and convincing evidence supports TPR based on two other grounds, we decline to address the statutory ground that Mother willfully failed to support Children. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address an additional statutory ground for TPR when clear and convincing evidence supported TPR on two other grounds).

a suitable home in the foreseeable future.  In contrast, Children have lived together in a potential-adoptive home since May 26, 2017, and the evidence shows they are bonded with their foster parents.  Because their foster parents are interested in adopting them, it appears Children will obtain a stable and permanent home through adoption if TPR is affirmed.  Based on the foregoing, we find TPR is in Children's best interest.

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**