**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Plaintiff,

v.

Candis Sheffield, Richard Mathews, Tammy Padgett, and Ron Padgett, Defendants.

AND

Tammy Woodley Padgett and Ronald Eric Padgett, Respondents,

v.

Candis Sheffield and Richard Mathews, Defendants,

AND

John Smith and Jane Smith, Respondents,

v.

Candis Sheffield, Richard Mathews, and South Carolina Department of Social Services, Defendants.

In the interests of minors under the age of eighteen.

Of whom Richard Mathews is the Appellant.

Appellate Case No. 2023-000018

————————

Appeal From York County
Thomas Henry White, IV, Family Court Judge

Unpublished Opinion No. 2023-UP-389
Submitted November 13, 2023 – Filed December 5, 2023

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

James Fletcher Thompson, of Thompson Dove Law
Group LLC, of Spartanburg, for Respondents Tammy
and Ronald Padgett.

Jonathan Drew Hammond, of Greer, for Respondents
John and Jane Smith.

Joseph L.V. Johnson, of Saint-Amand Thompson &
Mathis, LLC, of Gaffney, as Guardian ad Litem.

**PER CURIAM:**  Richard Mathews (Father) appeals the family court's order terminating his parental rights to his minor children (Children).  On appeal, Father argues the family court erred by finding (1) Father failed to remedy the conditions which caused Children's removal; (2) Father failed to support Children; (3) termination of Father's rights on the ground that his youngest child had resided in foster care for fifteen of the most recent twenty-two months was in that child's best interest because Father was a fit parent; and (4) termination of parental rights (TPR) was in Children's best interests.  We affirm.

We hold the family court did not err in terminating Father's rights pursuant to section 63-7-2570(2) of the South Carolina Code (Supp. 2023) because clear and convincing evidence supported the family court's finding that Father failed to remedy the conditions that caused Children's removal because he did not have a drug-free home.  *See Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650,

651-52 (2011) (explaining that on appeal from the family court, this court reviews factual and legal issues de novo); *Nelson v. Nelson*, 428 S.C. 152, 172-73, 833 S.E.2d 432, 443 (Ct. App. 2019) (noting, however, this court is "not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony"); S.C. Code Ann. § 63-7-2570 (Supp. 2023) (stating the family court may terminate parental rights upon finding a statutory ground for TPR is met and TPR is in the child's best interest); § 63-7-2570(2) (stating a statutory ground for TPR is met when the child has been out of the parent's home for six months following the adoption of a placement plan and "the parent has not remedied the conditions which caused the removal"); *Stasi v. Sweigart*, 434 S.C. 239, 248, 863 S.E.2d 669, 673 (2021) ("[W]e require the facts supporting termination to be proven by clear and convincing evidence.").

Father agreed to complete a placement plan that included a requirement that Father maintain a drug-free home. It was undisputed at the TPR hearing that the mother of Children, Candis Sheffield (Mother), continued to test positive through September 2022—approximately one month prior to the hearing. Mother and Father lived together and maintained a romantic relationship, even after Mother's September 2022 positive drug screen. Father acknowledged his home was not drug-free, and therefore not safe for Children to return, while Mother resided there. Approximately three days before the hearing, Mother "moved out" of Father's home and into a hotel room, paid for by Father. However, both Mother and Father testified that Father had asked Mother to leave his home "dozens" of times before, and he had always allowed her to return. Under these circumstances, a three-day period of compliance with the placement plan was insufficient to demonstrate behavior change; by that time, Child 1 had been out of Father's care for forty-four months and Child 2 had been out of Father's care for thirty-six months.[1] *See Dep't of Soc. Servs. v. Pritchett*, 296 S.C. 517, 520, 374 S.E.2d 500, 501 (Ct. App. 1988) (noting "an *attempt* to remedy alone" is inadequate to preserve parental rights and "[t]he attempt must have, in fact, remedied the conditions"); *see also Dep't of Soc. Servs. v. Phillips*, 365 S.C. 572, 580, 618 S.E.2d 922, 926 (Ct. App. 2005) (holding a parent failed to remedy the conditions that caused removal when she "failed to meaningfully address her drug addiction problem over an extended period of time"

---

[1] Because we find clear and convincing evidence supports at least one statutory ground for TPR, we decline to address the remaining grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

and her attempts to comply with the directives of her placement plan "were spotty and ineffective").

We hold the family court did not err in finding TPR was in Children's best interests.[2]  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration.").  Both Children receive therapeutic services, and Child 1 is medically fragile and requires significant, ongoing monitoring of her medical issues.  Although Father visited Children consistently, neither child had ever resided in his home.  Moreover, Children's respective caregivers, with whom they have lived their entire lives, are seeking to adopt Children.  *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

**AFFIRMED.**[3]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] Children's best interests were represented by two Guardians ad Litem (GALs) in this case—Joseph L.V. Johnson in the private TPR actions and a volunteer from the Cass Elias McCarter program in the DSS action.  We take no issue with Mr. Johnson's work on this case.  We are baffled by the testimony and report of the volunteer GAL, but as it seems to have been given no consideration by the trial judge, it warrants no further discussion.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.